MiSS TONI FLy, 18658-023
Name and Prisoner Number/Alien Registration Number

USP-TUCSON
Place of Confinement

PO BOX 24550
Mailing Address

TUCSON, AZ 85734-4550
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

```
FILED _____ LODGED ____
RECEIVED _____ COPY
        FEB 28 2023
   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
BY _____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

MS. TONI FLY, 18658-023
AKA: WILLIAM ANTHONY FLY
(Full Name of Petitioner)

Petitioner,

COLLET S. PETERS vs. DIRECTOR,
MARK GUITIEREZ, WARDEN, ET AL,
(Name of Warden, Jailor or authorized person)
having custody of Petitioner)

Respondent.

CASE NO. CV-23-00103-TUC-SHR-EJM
(To be supplied by the Clerk)

"Emergency"
PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY

Hearing Requested

"IMMINENT DANGER"
PETITION UNDER 28 USC. 1651 ALL WRITS ACT

PETITION MOTION UNDER FEDERAL RULES OF CIVIL Procedure
Rule 60, AND
MOTION UNDER FEDERAL RULES OF CRIMINAL
Procedure Rule 29

1. What are you challenging in this petition?
   ☐ Immigration detention
   ☒ Bureau of Prisons sentence calculation or loss of good-time credits
   ☒ Probation, parole or supervised release
   ☒ Other (explain): ACTUAL INNOCENCE; Illegal Execution of SENTENCE
   Illegal Placement IN WRONG INSTITUTION; Illegal PROBATION;
   Illegal SENTENCE; JUDICIAL BIAS; DENIAL OF PROGRAMS;

2. (a) Name and location of the agency or court that made the decision you are challenging: U.S. DIST-
   RICT OF NORTH DAKOTA

   (b) Case or opinion number: 1:16-CR-00184

   (c) Decision made by the agency or court: CONTRARY TO CLEARLY ESTABLISHED
   LAW; THE COURT FOUND PETITIONER GUILTY OF AN UNCHARGED
   OFFENSE, IT HAD NO JURISDICTION TO HEAR, AND IN BIAS SAID
   "I dONT WANT TO deal WITH TRANS gENdER ISSUES, AND ORDERED
   Illegal SENTENCE, DUE TO JUDICIAL BIAS, FRAUD UPON THE COURT, PROSECUTORIAL
   MISCONDUCT, INEFFECTIVE ASSISTANCE

Revised 3/9/07

530

(d) Date of the decision: _February 26, 2018_

3. Did you appeal the decision to a higher agency or court?   Yes ☒   No ☐

If yes, answer the following:

(a) First appeal:

(1) Name of the agency or court: _EIGHTH CIRCUIT COURT OF APPEALS,_

(2) Date you filed: _March 07, 2018_

(3) Opinion or case number: _18-1504_

(4) Result: _did Not Hear ON MERITS; Due To INValid Plea Waiver_

(5) Date of result: _August 22, 2018_

(6) Issues raised: _DISTRICT COURT COMMITTED A Reverseable error; incorrectly calculating Petitioners Sentencing guidelines; District court erred by imposing a Lifetime term of Supervised Release;_

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b) Second appeal:

(1) Name of the agency or court: _SEVENTH circuit court of APPEALS_

(2) Date you filed: _March 2021_

(3) Opinion or case number: _21-1495_

(4) Result: _Failed To hear Actual Innocence on MERITS; Failed To hear Judicial Bias; New ly Discovered evidence; Breach of contract; Fraud upon court on merits; and failed to Hear Due Process claims on merits, including Loss of good conduct time;_

(5) Date of result: _23 December 2022_

(6) Issues raised: _Actual innocence; Newly Discovered Evidence; Prosecution misconduct; Breach of contract; Illegal carry out of sentence; Loss of good conduct time; Ineffective Assistance of counsel; Fraud upon the court; Denial of Due Process; Judicial Bias;_

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(c) Third appeal:

(1) Name of the agency or court: _UNKNOWN_

(2) Date you filed: _UNKNOWN_

(3) Opinion or case number: UNKNOWN

(4) Result: UNKNOWN

(5) Date of result: UNKNOWN

(6) Issues raised: UNKNOWN

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4. If you did not appeal the decision to a higher agency or court, explain why you did not: N/A

5. Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition? Yes ☒ No ☐

If yes, answer the following:

(a) Name of the agency or court: US DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

(b) Date you filed: SOMETIME IN 2020

(c) Opinion or case number: 1:20-CV-01412-CSB

(d) Result: RULED CONTRARY TO CLEARLY ESTABLISHED LAW; FAILED TO HEAR ACTUAL INNOCENCE AND JUDICIAL BIAS ON MERITS, FAILED TO HEAR PROSECUTORIAL MISCONDUCT, FRAUD UPON THE COURT IN PROCEEDINGS, AND ILLEGAL CHILDBIRTH REPAYMENT

(e) Date of result: ____________

(f) Issues raised: ACTUAL INNOCENCE; JUDICIAL BIAS; FRAUD UPON THE COURT; INEFFECTIVE ASSISTANCE OF LEGAL COUNSEL; ILLEGAL SENTENCE; ILLEGAL TERMS AND CONDITIONS; DENIAL OF DUE PROCESS; ILLEGAL EXECUTION OF SENTENCE; FAILURE TO CHARGE AN OFFENSE; COURT LACKED JURISDICTION; BREACH OF CONTRACT; ILLEGAL ORDER OF CHILDBIRTH REPAYMENT

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.** Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.

PETITIONERS CONFINEMENT IS UNCONSTITUTIONAL DUE TO her:

**GROUND ONE:** "ACTUAL INNOCENCE" OR 18 U.S.C. § 2421 (a). WITH Newly Discovered Evidence" Previously Unavailable to Petitioner, Who is Now being held, Illegally, in Violation of the Constitution, Laws, and/or Treaties of the United States. The Judiciary Bias against Native Americans; Transgenders; and other non-Anglosaxion/Non-Norwegion Persons; Runs contrary to clearly Established Law in MORTENSEN V. UNITED STATES, 322 U.S. 369 (1944); and TWITCHELL V. UNITED States, 330 F.2d 759, 759-761 (9TH Cir. 1964), Remand, 89 S.ct.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioners Travel was solely for The Purpose of Legitimate Employment Transporting CARS & TRUCKS, Not FOR any sexual reason. The Respondents Admitted that in their Response Brief to Petitioners 28 U.S.C. § 2255 (Case No. 1:16-CR-00124-DLH-(Doc. 118, Pg. 6 (TR. Sent. at 11) & the Mann Act Pursuant to 18 USC § 2421 (a) Requires The Petitioner to Have Transported someone else. She did Not Transport anyone. The Respondents Admitted This in The same Brief (at I.D.) The Respondents, committed a Fraud upon The court, and tortured Petitioner Through her serious Medical conditions, of Gender Dysphoria, in which They Promised The court, They would Provide her Hormonal Therapy, and Told The Jail not to Provide it, Denied her Medical, Psychological & Emotional Treatment, with intent to induce a coerced, unknowing and involuntary Plea, to a statutorily mischarged offense. They had No Jurisdiction over. The Respondents Used Known Perjurious Testimony, and Evidence to seek Illegal Sentencing Enhancements. Respondents Illegally Denied Petitioner her Discovery, to Force a coerced, Involuntary, and Unknowing waiver of time, with intent to Deny Due Process, a Fair and speedy Tribunal, and induce severe Emotional Decompensation which Their Psychological Exam Identified in The Beck Anxiety Index (BIA) (Score 18 = 1.pg. graph 6,7 - Scale at 5A out of 63 - "severe" and "concerning" - 5A), these Constitutional Elements Resulted in Petitioners Wrongful Conviction, Illegal Plea to a non-existant offense. Additionally 18 U.S.C. § 2421 (a) Requires The Respondents to state a Federal offense, that Relies upon a Violation of a STATE offense in The State it was Traveled to and committed in. They did Not do so, and it is Void For Vagueness, in The Indictment or Information. None of The Required elements are Made in The defective indictment. The Respondents Lied to The court to confirm The Court about The Charge, and stated it was a "sexual Assault" (Doc. 118, Pg. 7) Later Recanting and Admitting consentual Adult incest (case No. 21-1495 (7th Cir Doc. 54, Page 20) which is Not a Federal offense.

(b) Did you exhaust all available administrative remedies relating to Ground One?      Yes ☒   No ☐
This Denial Petitioner her Rights to Due Process, Equal Protections, and a Fair and Speedy Tribunal, before an Unbiased court and Jury, Through Inflictions of cruel and unusual Punishments in Violation of

(c) If yes, did you present the issue to:   The US. Constitution Amendments 5,6, 8, and 14,
☐ The Board of Immigration Appeals   Petitioner over assets; she did Not commit any Mann
☐ The Office of General Counsel   Act or other Federal offense charged in This
☐ The Parole Commission   case, she is being Illegally Held, and was
☒ Other: The Courts Illegally Arrested, Detained and tortured in to
an Unknowing and Involuntary Plea, The court had No Jurisdiction to convict or sentence

(d) If you did not exhaust all available administrative remedies relating to Ground One, explain why: at her

_____
_____
_____
_____
_____
_____
_____
_____
_____

PETITIONERS CONVICTION, SENTENCE, and CHILD BIRTH REPAYMENT are
UNCONSTITUTIONALLY VOID DUE TO:

**GROUND TWO:** Judicial Bias and CORRUPTION in PETITIONERS PRE-TRIAL
and POST CONVICTION, and 28 USC §2255 Proceedings. DENIAL of SIXTH AMENDMENT Right
to a FAIR and UNBIASED TRIBUNAL

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
The JUDGE DANIEL L. HOVLAND is BIAS and CORRUPT, and CIRCUMVENTED REQUIRED
PROCESSES IN The COURT, TO DENY DUE PROCESS UPON PETITIONER, because of his BIAS
DISCRIMINATION AGAINST INTERSEX AND/OR TRANSGENDER PERSONS, PETITIONER ASSERTS THAT THE
BIAS JUDGE WAS DISQUALIFIED to PRESIDE over her PROCEEDINGS, as he FAILED TO DO his DUTY as a
JUDGE AND PROTECT PETITIONERS CONSTITUTIONAL RIGHTS, AND PREVENT THE RESPONDENTS FROM THE
TORTURE, DENIAL of DUE PROCESS, AND EQUAL PROTECTIONS by INFLICTIONS OF CRUEL and UNUSUAL
PUNISHMENTS, DENIAL OF A SPEEDY TRIAL, AND FRAUD UPON THE COURT, ON SEPTEMBER 22, 2016
The RESPONDENTS PROMISED THE COURT "The HORMONE THERAPY has been APPROVED and ITS ON ITS WAY
YOUR HONOR", THEN told The JAILS NOT TO PROVIDE it, TO INDUCE SEVERE EMOTIONAL DISTRESS AND
ANXIETY, THEN FAILED TO PROVIDE her with TIMELY DISCOVERY PRIOR TO ORIGINAL TRIAL DATE, TO DENY
a SPEEDY TRIAL, THEN WITH THE INTENT TO INDUCE A COERCED, UNKNOWINGLY AND INVOLUNTARY PLEA.
THIS DID PREJUDICE PETITIONER. THEN ON JUNE 7, 2017, AT THE STATUS CONFERENCE IN THE
REGARDS TO THE RESPONDENTS FRAUD UPON THE COURT AND DENIAL OF THE PROMISED MEDICALLY
NECESSARY TREATMENTS, RAPE, AND CONSTRUCTIVE DENIAL OF LEGAL COUNSEL, AND THE
INEFFECTIVE ASSISTANCE AND CONFLICT OF INTEREST of PETITIONERS COUNSEL AND her. The
JUDGE had a FED.R.CRIM.P. 12 (b), (d). DUTY TO RULE ON THESE ISSUES/VIOLATIONS of
PETITIONERS AND FAILED TO DO SO, DUE TO his BIAS UPON INTERSEX AND/OR TRANSGENDER The
PERSONS, WHICH PETITIONER ASSERTS, SHE IS. ON FEBRUARY 27, 2018, The BIAS JUDGE
LET PETITIONER KNEW WHY he FAILED TO DO his DUTY, AND STATED, "I DON'T CLAIM TO DEAL
WITH TRANSGENDER ISSUES", AND FAILED TO PROTECT PETITIONER PURSUANT TO 28 CFR §§ 115.42 (C)(10) OF
THE PREA, IN RAPE ELIMINATION ACTS, AND EFFECTIVELY SENTENCING her TO A PENALTY OF RAPE as PUNISHMENT, as SHE has
NOW BEEN RAPED by 75 SEPARATE INMATES AND STAFF, as SHE IS INTERSEX AND/OR TRANSGENDER FEMALE. THIS BIAS DID
(b) Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☒   No ☐
PREJUDICE PETITIONER, DENIED her DUE PROCESS, EQUAL PROTECTIONS, A FAIR, SPEEDY AND UNBIASED TRIBUNAL, THROUGH
CRUEL and UNUSUAL PUNISHMENTS, IN PRE-TRIAL AND POST CONVICTION PROCEEDINGS IN VIOLATION of
(c) If yes, did you present the issue to:    The US CONSTITUTION, UN CONVENTION AGAINST
☐ The Board of Immigration Appeals    TORTURE, THE PREA, 18 USC §§ 2241, 2242, 2243, 242,
☐ The Office of General Counsel   (A), 2340, 249, 241, 242, 1503, 1510, 1512 AND
☐ The Parole Commission    The Racketeer INFLUENCED CORRUPT ORGANIZATIONS ACT (RICO)
☒ Other: The COURTS

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

Petitioners conviction is illegally unconstitutional and void, due to
fraud upon the court, denial of due process, cruel and unusual punishments
in a

**GROUND THREE:** Malicious and Vindictive prosecution, The
Petitioner asserts her Due Process, and Equal Protections, and Right to a Fair and Speedy
Tribunal, that is unbiased, were all Violated Pursuant to the U.S. Constitution per
Amendments 4, 5, 6, 8, 13, and 14, this also violates Federal Rules of Court

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner asserts the Respondents Persecution was Malicious and Vindictive, by Conspiring
to deny the rights of Petitioner in violation of 18 USC §§ 241 and 242 through a fraud upon the
court perpetrated by AUSA Matthew Greenley, US Mg Deputy Laura Bell, Juan DeLeon, David Behan
(FNU) Ferguson, When they (Laura Bell) Promised the court "the Hormone Therapy has been approved
and its on its way your Honor", Then they told Jail Administrators and Health Services that
I does NOT to provide it, immediately after court. (Laura Bell, (Ferguson), Juan Deleon, David
Behan) at the direction of Matthew Greenley, fully aware, Due to Gender Dysphoria, This would
Induce severe emotional, psychological, he compounded, severe anxiety, pain and suffering,
and potential self-harm and suicidal ideation, and inability to function or assist defense counsel
in violation of the 8th constitution. The Respondents denied Due Process further by interfering
with the Due administration of Justice, in a criminal Proceeding, to interfere with an investi-
gation by a federal judge in violation of 18 USC §§ 1503, 1510, and 1512, by further
lying to a grand jury, lying to the court, failing to provide Discovery, knowing use
of Perjured Evidence, and Perjured testimony, They knew to be False,
and Perjurious, Deceiving the court into denial of a speedy, Fair, and unbiased
trial on or before 70 days after arrest, by charging a falsely alleged indict-
ment (18 USC § 1512), Then fabricating a superceeding one (18 USC § 924(C)) in which
they did NOT charge an offense and had NO jurisdiction, on the Hopes they would later
find the "Transportation Element", upon Re-charging/Re-Arrest, as they admitted to in their
28 USC § 2255 Response (Doc. 118, Page 17, Last 3 lines at bottom), in which they would have again
charged her with an offense they had no elements to charge her with, Then (as sentencing) used labor/or
Perjurious testimony and evidence to confuse the court and obtain Illegal sentencing enhancements, That create a provision

(b) Did you exhaust all available administrative remedies relating to Ground Three?   Yes ☒   No ☐
to Not be, by Petitioners defense counsel during unknowing and involuntarily treated, coerced, and fraud in the
inducement of a Plea agreement resulting in a breach of the specific performance of that contract.

(c) If yes, did you present the issue to: They also Promised Petitioner Would go home, two severe take care
   ☐ The Board of Immigration Appeals of her serious medical conditions, The torture
   ☐ The Office of General Counsel  Would stop, and maybe do a year or two of Supervision
   ☐ The Parole Commission  through Petitioners defense counsel, as None of the
   ☒ Other: The court 3  enhancements apply to Petitioners case, which her defense
                        counsel promised to her

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

**GROUND FOUR:** ILLegal SCeNTeNCe ENhANCe MeNTS, pursuant to Mathis V. United States, 579 US 500, 509 (2016); USSG 5D1.2 CMT NL; 5Th, 6Th, and 8Th and 14Th Amendments to The US, Constitution; and SantoBello V. New York, 404 US 257, 263 (1971); Brady V. United States, 389 US 742 at 50 756 (1970); United States V. Haymonds, 139 S. Ct 2369

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

PeTITIONeR ASSeRTS ThaT NoNe oF The SeNTeNCeNg eNhANCe MeNTS APPLY To heR, and They aRe a BReach of The uNKNowiNg, iNvoluNTary, coerced, and TorTured Plea. PeTITIONeRS Base offeNse 15.14, and Newly DiscovveRed EvideNce PofferTed by ResPONDeNTS, ProveS No Force, No sexual AssaulT, No cusToDy, care, or suPerVisory CONTRoL, No MiNORS iN case, No SORNA, as The USSG 5D1.2 CMT NL, "sex offeNse meaNs aN offeNse, PeRPeTRaTed agaiNsT a miNoR". All PaRTies weR oveR 18 *, The ResPONDeNTS AdmiTTed ThaT PeTITIONeR Never TRaNsPorTed anyoNe iN The case (Doc. 118, Pg. 10 (TR. seNTs aT 10)). The PuRPose waS For LegiTimaTe EmPLoymeNT TRaNsPorTiNg cAse. IT NoT FoR sexN. NoT FoR a commeRciaL seN PuRPose, USSG DROPS Base offeNse by 8, LeaviNg a Base OffeNse LeveL of WiTh 2 PoiNT accePTaNce of ResPONSiBiLiTY. These eNhANCe meNTS oNLY aPPLY To a case iNvoLViNg a MiNOR. This ILLegaL use oF PreJuDicial EVideNce and TesTimoNy BReached The PLea, and ResulTed iN a suBsTaNTIVeLY uNReasoNaBLe seNTeNce, DeNied Due Process, a FaiR and sPeedy TRiaL, aNd PreJuDiced PeTITioNeR, and PreJuDiced PeTITioNeR by coNvverTiNg her PRomised Time served, and immediaTe Release, iNTo aN iLLegaLLy BeyoNd MaximuM SeNTeNce. GuiDeLiNe SeNTeNce 3583 (K) waS iLLegaLLy aPPLied, and VioLaTes 5Th aNd 6Th AmeNdmeNTS, and oNLY APPLieS To a 2421(g) iNvoLviNg a miNOR... This waS AduLTS oNLY. WALSh AcT waS iLLegaLLy aPPLie WALSh oNLY APPLies To cases iNvoLViNg miNORS. SORNA oNLY APPLieS To case iNvoLVING a miNOR, cusToDy, care, suPeRVisory CONTRoL oNLY AddseS To MiNoRS. This PreJuDiced The PeTiTioNeR by exTeNDiNg her seNTeNce of TiMe served, and a year or Two of suPeRVision, ThaT waS PRomise To her by her DeFeNse couNsel who also PRomised NoNe oF The ForegoiNg eNhANce meNTS APPLied To her case AS showN iN Doc. ____, FuRTher ResulTiNg her by a BReach of coerced iNvoLuNTaRy/uNKNowiNg Plea. ResulTiNg iN a maximum seNTeNce, and iN iLLegal LiFeTime suPeRVision, and ISoRNA, and WALSh whiLe Places PeTiTioNeR iN DouBLe JeoPaRdy oF aN ABove MaximuM ALLowed by Law iN seNTeNce.

(b) Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☒   No ☐

For 18 USC §2421(g) which is 10 years. WheN she waS seNTeNced To ThaT PLuS aN efFecTive LiFe seNTi

(c) If yes, did you present the issue to: eNce wiThouT a JuRY. The Bias JuDge PreJuDiced heR

☐ The Board of Immigration Appeals   By sTaTiNg iF I couLD give you LiFe I wouLD!

☐ The Office of General Counsel   and effecTiveLy did iN VioLaTioN oF The Law, Because oF his PeRsoNaL Bias uPoN PeTiTioNeR

☐ The Parole Commission   This FuRTher PLaces her iN JeoPaRdy oF civil commiTmeNT

☒ Other: The couRT(s)   PeR BaiLey, whicH DeFeNse couNseL PRomised did NoT aPPLy

ThereFoRe ReNDeRiNg his AssisTaNCe iNeffecTive, Due To his Lies and coNFLicT oF iNTeResT.

(d) If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above? Yes ☒     No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:

(a)   Have you filed a motion under 28 U.S.C. § 2255?          Yes ☒      No ☐

If yes, answer the following:

(1)   Name of court: _DISTRICT OF NORTH DAKOTA_

(2)   Case number: _1:19-CV-155_

(3)   Opinion or case number: _1:19-CV-155_

(4)   Result: _OBSTRUCTED by JUDICIAL BIAS AND CORRUPTION_

(5)   Date of result: _____

(6)   Issues raised: _____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)   Explain why the remedy under § 2255 is inadequate or ineffective: _The CORRUPT AND BIAS JUDGE INTENTIONALLY RULES CONTRARY TO Clearly ESTABLISHED Law' AND is discriminatory UPON TRANSGENDERS! ILLEGAL SENTENCING ENHANCEMENTS! ILLEGAL TERMS AND Conditions OF SUPERVISION; DENIAL OF DUE PROCESS IN DISCIPLINARY PROCEEDINGS; Sentenced to WRONG INSTITUTION; US PROBATION DENIED RELEASE PLANS FOR EXTRAORDINARY AND COMPELLING REASONS; BEING DENIED FIRST STEP ACT PROGRAMMING FOR EARLY RELEASE; BEING TRANSFERED TO WRONG INSTITUTION TO FALSE-RAPE AND TORTURE UPON ME; ILLEGAL EXECUTION OF SENTENCE; SENTENCE BEING CARRIED OUT FOR WRONG OFFENSE_

8.   If this case concerns immigration removal proceedings, answer the following:

(a)   Date you were taken into immigration custody: _N/A_

(b)   Date of removal or reinstatement order: _N/A_

(c)   Did you file an appeal with the Board of Immigration Appeals?          Yes ☐      No ☒   N/A

(1)   Date you filed: _N/A_

(2)   Case number: _N/A_

GROUND FIVE: The PETITIONER WAS TORTURED INTO A COERCED UNKNOWING AND INVOLUNTARY PLEA Agreement FOR CONDUCT IN Which The U.S. SUPREME COURT AND NINTH CIRCUIT hold TO NOT BE A CRIMINAL OFFENSE UNder The MANN Act 18 USC § 2421 C(a), PURSUANT TO MORTENSEN V. UNITED STATES, 322 U.S. 36 A (1944) and TWITCHELL V. UNITED STATES, 330 F.2d 759, 759-761 (9th cir. 1964), REMUVAL, 89 S.CT. 5, despite, a guilty Plea, a PETITIONER May raise such a contention IN The REVIEWING COURT. CLASS V. UNITED STATES, 138 S.CT. 703, 200 L.Ed.2d 37, 43-44 (2018) PETITIONER is being UNCONSTITUTIONALLY ILLEGALLY Held FOR, CONDUCT THAT is NOT A FEDERAL CRIMINAL OFFENSE, IN VIOLATIONS OF the US CONSTITUTION'S Amendments 4, 5, 6, 8, 13, 14, and THE FEDERAL Administrative Procedures Act PURSUANT TO 5 USC §§ 702, 704, 706 FOR ARBITRARY and CAPRICIOUS ACTIONS by GOVERNMENT Agents TO illegally DENIED Right to due PROCESS and EQUAL PROTECTIONS, The UNITED NATIONS' CONVENTION Against TORTURE; NELSON MANDELA RULE, and THE CIVIL Rights OF INSTITUTIONALIZED PERSONS ACT (CRIPA), The COURT NOR RESPONDENTS had JURISDICTION TO CONVICT OR SENTENCE OR PROSECUTE PETITIONER.

(a) SUPPORTING FACTS:
The PETITIONER ASSERTS That The RESPONDENTS committed a FRAUD UPON The COURT and Lied to a GRAND JURY TO ILLEGALLY arrest, detain, VINDICTIVELY Prosecute, and ILLEGALLY CONVICT her OF CONDUCT That is NOT a FEDERAL CRIMINAL OFFENSE. The RESPONDENTS did NOT have any JURISDICTION TO ILLEGALLY arrest, Illegally DETAIN, OR ILLEGALLY CONVICT PETITIONER, NEITHER did THE U.S. DISTRICT COURT have JURISDICTION TO IMPOSE A CONVICTION OR SENTENCE UPON her. PETITIONER, has NEWLY DISCOVERED EVIDENCE UNAVAILABLE TO her IN HER PRETRIAL PROCEEDINGS, and The RESPONDENTS have admitted EVIDENCE PROVING PETITIONERS INNOCENCE, and Legal INNOCENCE, IN SUBSEQUENT HABEAS PROCEEDINGS, THAT PROVE THEIR DECEPTION and FRAUD UPON The COURT, to deceive the COURT, by an OFFICER OF The COURT. 1. TO VIOLATE The MANN Act 18 USC § 2421(a) a PERSON MUST TRANSPORT SOMEONE ELSE, SO, The PERSON BEING TRANSPORTED is The SUPPOSED VICTIM. PETITIONER did NOT TRANSPORT anyone. The RESPONDENTS Admitted This IN her 28 USC § 2255 Proceedings, (DOC, 118, Pg. 6, LINES 10, 11, 12) CANYA FLY, TRANSPORTED herself, while PETITIONER was engaged IN A LEGITIMATE EMPLOYMENT PURPOSE, NOT FOR any SEX ACT. CANYA FLY WOULD PICK UP and TRANSPORT PETITIONER TO The "NEXT JOB OR HOME" Id. The PLEA Agreement WAS COERCED, TORTURED, UNKNOWING and INVOLUNTARY, and according TO The RESPONDENTS, WAS FOR A TIME PERIOD PRIOR TO any alleged TRIPS IN INTERSTATE COMMERCE, IN Which were stated IN the EVIDENCE (i.e. TRIP TO VIRGINIA - LATER Recanted by CANYA FLY and RESPONDENTS That OCCURED IN JUNE 2016). As It STATES "BETWEEN I NOR around FEBRUARY 2016 and IN or about May 2016." CANYA FLY had NOT TRAVELLED at all out of STATE WITH PETITIONER during THIS PERIOD FOR any SEX, and WAS at home IN RUGBY NORTH DAKOTA WITH HER FAMILY. CANYA FLY CONCEIVED MASON FLY ON OR about APRIL 8, 2016, as PROVEN by NEWLY DISCOVERED EVIDENCE PROFFERED by The RESPONDENTS PREVIOUSLY UNAVAILABLE to PETITIONER, That CANYA FLY GAVE BIRTH ON JANUARY 13, 2017. (DOC, 118, Page 17, LINE 6), Which PROVES MASON FLY WAS CONCEIVED ON APRIL 8, 2016, 40 WEEKS, OR 280 days as CANYA FLY "CARRIED TO TERM" (DOC, 118, Page 15, LINE 4 - TRANSCRIPT SENTENCING at 54-55), THIS PROVES The CONCEPTION OCCURRED PRIOR TO any TRIPS FOR The LEGITIMATE EMPLOYMENT WITH AMERI FREIGHT and NO INTERSTATE TRANSPORTATION had HAPPENED. This CASE WAS BROUGHT BECAUSE "C.F. discovered The PREGNANCY IN JULY 2016, and IT WAS REPORTED TO LAW ENFORCEMENT." (DOC, 118, Page 6, LN 22). THIS IS NOT A FEDERAL OFFENSE, as NO TRANSPORTATION had TAKEN PLACE, NOR any INTENT TO do SO FOR SEX. CANYA FLY WAS IN NORTH DAKOTA and had NOT LEFT. PETITIONER WAS PROMISED BY COERCION That The TORTURE WOULD STOP, She WOULD GO HOME TIME SERVED, MAYBE AN a YEAR OR TWO OF SUPERVISED RELEASE, and TAKE CARE OF her HORMONE THERAPY and Rapiband BY DEFENSE COUNSEL, WHO LIED IN THE COERCION. This IS A BREACH OF CONTRACT, and a CONFLICT OF INTEREST, and VIOLATE The CONSTITUTION PER 5th, 8th, 6th, 14th Amendments,

GROUND SIX: DENIAL OF DUE PROCESS IN A CRIMINAL PROCEEDING IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, THROUGH PROSECUTORIAL MISCONDUCT, FRAUD UPON THE COURT, JUDICIAL BIAS, TORTURE, INEFFECTIVE ASSISTANCE OF COUNSEL, CONSTRUCTIVE DENIAL OF LEGAL COUNSEL, DENIAL OF MEDICAL TREATMENTS WITH INTENT TO TORTURE AND COERCE INTO AN UNKNOWING AND INVOLUNTARY PLEA, AND DELIBERATE FAILURE OF A DENIAL OF A FAIR, SPEEDY, AND UNBIASED TRIBUNAL, AND DELIBERATE FAILURE OF A BIAS AND CORRUPT JUDGE TO RULE ON PETITIONERS MOTIONS AS REQUIRED BY FEDERAL RULES OF CRIMINAL PROCEDURE 12 (b)(4), ACTING IN A SUBVERSION OF THE SYSTEM IN BIAS CORRUPTION, BECAUSE HE "DONT WANT TO DEAL WITH TRANSGENDER ISSUES", DUE TO THIS JUDICIAL AND PROSECUTORIAL CORRUPTION, BIAS, COLLUSION, AND INTERFERENCE "SINCE THE VERY INITITUTION OF THE PROCEEDINGS AGAINST [PETITIONER] OPERATED TO DEPRIVE [HER] DUE PROCESS OF LAW". CLASS V. UNITED STATES, 138 S.CT. 708; 2018 US LEXIS 1378 ID at *9, (2018).


(a) SUPPORTING FACTS:

The PETITIONER WAS ENTIRELY DENIED DUE PROCESS AND EQUAL PROTECTIONS THROUGH-OUT HER CRIMINAL PROCEEDINGS, DUE TO BIAS AND CORRUPT ACTIONS BY THE U.S DISTRICT CHIEF JUDGE, THE PROSECUTION, AND THEIR AGENTS, AND THE PETITIONERS OWN DEFENSE COUNSEL. THE BIAS AND CORRUPT JUDGE COLLUDED IN BIAS CORRUPTION WITH THE RESPONDENTS PROSECUTION, BY INTENTIONALLY FAILING TO DO HIS DUTY AS A FEDERAL JUDGE AND REFUSING TO RULE ON PETITIONERS MOTIONS, THAT RESPONDENTS PROSECUTION HAD COMMITTED A FRAUD UPON THE COURT, EFFECTIVELY ACTED IN CONTEMPT, AND SUBVERTED THE COURTS PROCESSES, AND CONSTRUCTIVELY DENIED PETITIONER LEGAL COUNSEL, AND WERE ILLEGALLY UNCONSTITUTIONALLY TORTURING HER THROUGH RAPE AND DENIAL OF MEDICALLY NECESSARY TREATMENTS, CARE, MEDICATIONS, AND RECOMMENDATIONS. THIS DID PREJUDICE PETITIONER BY TIPPING THE SCALE IN FAVOR OF THE RESPONDENTS PROSECUTION, AND ALLOWING THEM TO FORCE PETITIONER INTO AN UNKNOWING AND INVOLUNTARY PLEA AGREEMENT, AND DEPRIVING PETITIONER OF A SPEEDY TRIAL, TO KEEP HER IN AN OVERLOAD OF MENTAL, PHYSICAL, AND EMOTIONAL PAIN, ANXIETY, AND GENDER DYSPHORIA, AS CLEARLY SHOWN BY THEIR BIAS UNQUALIFIED PSYCHOLOGIST EVALUATION. CDOC, 118-1, Page 8, Paragraph 7) WHERE SHE CONTINUED TO ILLEGALLY UNCONSTITU-TIONALLY AND UNPROFESSIONALLY MISGENDER PETITIONER IN OPPOSITION TO WPATH S.O.C. YET, SHE STILL FOUND SEVERE MENTAL INSTIBILITY WITH AN ANXIETY LEVEL OF 50 OUT OF 63, SHOWING EXTREMELY SEVERE LEVELS, DUE TO SUCH PROLONGED DEPRIVATION OF PETITIONERS MEDICALLY NECESSARY TREATMENTS, INCLUDING GENDER AFFIRMING HORMONE REPLACEMENT THERAPY, WHICH RESPONDENTS PROMISED THE COURT ON SCHEMBER 22, 2016 AT BOND HEARING, THAT THEY WOULD PROVIDE, THEN IMMEDIATELY TOLD JAILS NOT TO PROVIDE IT, THEN, (ACCORDING TO DEFENSE COUNSEL) DENIED DISCOVERY, TO INDUCE A WAIVER OF TIME, AND THEN OVER TIME INDUCE A COERCED PLEA. THE RESPONDENTS PROSECUTION, FAILED TO STATE AN OFFENSE IN THE INDICTMENT OR INFORMATION, DENIED 70 DAY RULE, TORTURED PETITIONER, TRANSFERRED HER REPEATEDLY TO DENY MEDICAL CARE AND LEGAL COUNSEL, AND EVERY ONE INVOLVED HAD PERSONAL BIAS AND HATE UPON INTERSEX AND/OR TRANSGENDER PERSONS, ON JUNE 7, 2017 AT STATUS CONFERENCE, IN REGARDS TO THE FOREGOING ISSUES AND EFFECTIVE DENIAL OF PETITIONERS RIGHTS, THE JUDGE HAD A DUTY TO RULE ON THIS, TO PROTECT PETITIONERS CONSTITUTIONAL RIGHTS, AND INTENTIONALLY ILLEGALLY FAILED TO DO SO, AND AT THE SENTENCING HEARING HE REVEALED WHY BY STATING IN BIAS DISCRIMINATION DISQUALIFYING HIM AS A JUDGE, "I DON'T WANT TO DEAL WITH TRANSGENDER ISSUES". THIS DENIAL OF DUE PROCESS AND EQUAL PROTECTIONS PREJUDICED PETITIONER, WHO IS ACTUALLY AND LEGALLY INNOCENT BY RESULTING IN HER ILLEGAL IMPRISONMENT OF A STATUTORILY UNCHARGED OFFENSE, THE COURT, NOR PROSECUTION HAD ANY JURISDICTION TO ORDER,

9

<u>Ground Seven:</u> Ineffective Assistance of Legal Counsel; in violation of the U.S. Constitution under the Fifth and Sixth and Fourteenth Amendments. The Prosecution constructively denied legal counsel, rendering it unavailable by repetitive transfers, failing to provide timely discovery, using known false and perjurious evidence and testimony, and through discriminatory bias and prejudice, denying medically necessary treatments rendering the petitioner unable to assist her legal counsel, who was bias upon her status as an intersex and/or transgender female, and gender dysphoria, and need for promised gender affirming treatments. The Respondents Prosecution lied in a conspiracy to deny rights, and fraud upon the court, promising to provide them. Defense counsel was ineffective by coercing a plea upon petitioner, who is <u>actually innocent</u>, and <u>whom he knows to be actually and legally innocent.</u> He was ineffective by allowing the foregoing actions, and torture, and denial of due process and equal protections upon petitioner.

Defense counsel was further ineffective by his personal hate and bias upon petitioner and her intersex and/or transgender female status and was very violent and threatening to her. Petitioner did motion the court to provide petitioner with new and additional legal defense counsel, due to his ineffectiveness, and failure to represent and protect petitioner and her constitutional rights.

(a) SUPPORTING FACTS:

The Petitioners legal defense counsel was inexperienced in the type of case she was wrongfully accused of, only a little over two years at Bar out of law school, as he informed her. He attempted to get her to plea to an offense she was/is actually and legally innocent of, in a defective indictment that is void for vagueness, and does not charge a federal offense, without first investigating her defense prior to November 15, 2016, in which he claimed that the prosecution had not provided discovery prior to trial. This he became violent and forced her by coercion into a waiver of time, on or about 12 November 2016, at Lake Region Jail, where I.I. Robert Schlotman was a witness to his obnoxious, violent, and threatening demeanor, and actions, including pounding violently on the door, and yelling. Defense counsel said he did not know anything about petitioners case, and he would be forced to represent her under incompetent circumstances, and Respondents prosecution would provide her with

He promised petitioner he would ensure Respondents prosecution in a fraud upon the court any medically necessary treatments promised by Respondents to her, with intent to deny due process September 22, 2016, and told jails not to provide it to her. Defense counsel lied, and never honored his promises to petitioner upon her. Defense counsel lied, and never honored his promises to petitioner. This is a <u>CONFLICT OF INTEREST</u>. He failed to file several motions on petitioners behalf, including a writ of habeas corpus, Federal Rules of Criminal Procedure 29, transfer of venue, and motion for injunction, to protect her rights. He also failed to file a Rule 412 motion early on in proceedings only slipping in prior to a plea endorsement. Petitioner repeatedly told him she did not want to do this in itself is a conflict of interest rendering services ineffective, in violation of the Fifth and Sixth Amendments. Petitioners legal counsel was ineffective.

Ground Eight: Denial of Speedy Trial in Violation of Sixth Amendment Pursuant to United States v. Ewell, 388 US 116, 120 (1966), as it was "Purposeful" and "Oppressive" I.D. to Deny due Process in violation of the Fifth and Fourteenth Amendments, by committing a Fraud upon the court to induce severe "Anxiety" I.D. Through long term Denial of Promised to the court medically necessary Treatments for Intersex Related Gender Dysphoria, Raynauds disease and Chronic Pain in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments, State and Federal Vulnerable Adult Laws, and the Convention Against Torture, The Nelson Mandela Rule, and the convention Against Discrimination Against All Women, Under United Nations International Laws, Treaties, and the U.S. Constitution,

(a). Supporting Facts:

The Respondents Prosecution Deprived petitioner her Right to a Fair, Unbiased, and Speedy Trial, by Illegally unconstitutionally arresting her on a charge of 18 USC § 1512, Knowing They Lied to a grand Jury to Later Detain and Indictment. Petitioner, was arrested without a warrant in Hand, Later obtained Idaho Later During Interrogation at Idaho Falls PD. This upon a charge Respondents Knew They did Not have any Elements to secure This arrest on July 15, 2016, They Illegally extradited her, Preventing her contract with a Lawyer for approximately 50-60 Days, From Jail to Jail Through several States, Then once arrived to court on Day 69 of The 70 day Speedy Trial Rule, withDrew the Original 18 USC § 1512 charge, They had No Elements to support, and in the violation of the Rule of Specialty charged her with 18 USC § 2421(a) with No Elements, No Jurisdiction, and Left Void for Vagueness, and without The Statutorily required State offense in which was Violated to charge A manN act offense, as it is Not a StaND AloNe charge. The Respondents acting in a ConSpiracy to Deprive Rights, Then committed a Fraud upon the court by Promising to provide petitioners Hormone therapy for her Intersex Related Gender Dysphoria, and Raynauds Disease, Then telling Jails Not to provide it to her, with the intent to induce severe emotional Distress, Anxiety Gender Dysphoria, and Render her mentally, emotionally, and Physically InCapacitated and effectively unable to Assist Legal counsel in her case, The Respondents Had an Intent to torture petitioner by overbearing her will over time into a coerced unKnowing InvoluntaRy plea. The Judge had a duty to dismiss the New charge on September 23, 2016 for 70 consecutive days of incarceration. This should have Resulted in a Double Dismissal with PreJudice. Then on October 13, 2016 upon 90 consecutive days of incarceration on a statutorily unchaRged offense, petitioner was Required per Speedy Trial Act under § 3164 to be Released on Bond, the court Failed to do its Required Duty to Release petitioner, Yet due to Bias PreJudice and corRupt collusion with the prosecution Failed to do so, This Respondents Intentionally held confused the court Into believing They could Illegally unconstitutionally hold her indefinitely, to over time induce a plea, or Repeatedly charge her with offenses without any Elements, to Keep her In Jail Destroy her Life, Family, Health, Business, Credit, and Financial StanDing. This SIgnificantly preJudiced petitioner, by torturing her into a plea That is unKnowing and InvoluntaRy, Through PurposeFul and oppressive illegal incarceration for an Extended Period while Denying medically necessary care in Violation of the U.S. Constitution.

<u>GROUND NINE</u>: Illegal Sentencing Enhancements obtained by Prosecutions Illegal use of Known Perjurious and False Statements and Evidence in violation of Brady v. Maryland, 373 US 83 (1963); Giglio v. United States, 405 US 150 (1972), Mathis v. United States, 579 US 500 (2016); Apprendi v. New Jersey, 530 US 466 (2000), United States, v. Haymond, 139 S. Ct. 2369 (2019), and Santabello v. New York, 404 US 257 213 (1971).
These Illegal Misconduct actions of The Respondents Prosecution violates The Fifth Amendment, Sixth, and Fourteenth Amendment of The United States Constitution, and is a Breach of The Illegally tortured, coerced, unknowing, and Involuntary Plea agreement Contract. The Respondents Prosecution Illegally presented Known false and Perjurious Evidence and Testimony From an old case in which, was a State offense, That did Not Result in a conviction involving Brenda Pink-Townsend, who had previously Been found, and admitted to lying in Regards to The claims, Petitioners Legal Defense Counsel Promised her, as part of a coerced, involuntary, and unknowing Plea agreement Contract, would Not be admitted, discussed, or Brought in or Mentioned, This Resulted in an illegal Breach of Contract, Rendering it Null and void. Petitioner is Actually Innocent of The Penalty. Sawyer v. Whitley, 505 US 333, 341 (1992)

<u>(A) Supporting Facts:</u>

The Respondents Prosecution Illegally, Knowingly, and willfully used Known false and Perjurious Evidence, Information and Statements, and Testimony at Sentencing to obtain Illegal, Unconstitutional and Unauthorized Sentencing Enhancements, in which, Petitioner was Promised by her Defense Counsel would Not be used, Brought in, or apply to Petitioners case, Mentioned in The case, Nor did The Sentencing Enhancements apply, That is Required in The tortured coerced Unknowing, and Involuntary Plea agreement, This Illegal Denial of Due Process, Equal Protections to have Specific Performance, This Illegal Denial of Due Process, Equal Protections and Denial of a Fair and unbiased Tribunal, was a Breach of Contract, and a Fraud in The inducement.

The Petitioners Defense Counsel Promised her, That None of The Enhancements applied to her case, Later confirmed on the Record at Sentencing, by his objections to Their Illegal Application, By The Bias and corrupt Judge at Sentencing, who Said he would "Make Them apply ("We'll see about That!") This is Clear Error, That has Prejudiced Petitioner, By Resulting in a Maximum Sentence, Plus Above "Guidelines, and outside of Contracts Specific Performance Term that she would Not of Supervision of "Life", Petitioner, specifically Stated That she would Not sign The agreement if SORNA applied, if Lifetime Supervision applied, or if Sex offender, or Walsh Act applied, her Defense Counsel Promised They did Not apply to her case, as No Minors were involved, and Promised she "would go home Time Served, The Torture would Stop, and [she] would be able to get her Medically Necessary Hormone Therapy," to cure For her Intersex Related Gender Dysphoria and Raynauds Disease. He Showed This in United States Sentencing Guidelines, 5D1.2 cont.N., and other Places. The US Supreme Court held a State Prior offense cannot be used to Enhance a federal Sentence in Mathis. it also held 18 USC § 3583 (k) to be unconstitutionally Illegal in violation of The Fifth and Sixth Amendments, and Defense Counsel Promised it did Not apply, is Petitioners case. This is Clear Error in Bias Prejudice, by The Chief Judge, Petitioner is Actually Innocent of The Penalties imposed upon her, Her Incarceration and Future Term of Lifetime Supervision, SORNA, Walsh Act, and Maximum Sentence are unconstitutionally Illegal and unauthorized by USSC.

12

GROUND TEN: ILLEGAL SENTENCE; TO LIFETIME SUPERVISION IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENT TO THE US CONSTITUTION PURSUANT TO UNITED STATES SENTENCING GUIDELINES AND UNITED STATES V. HAYMOND, 139 S.CT. 2369 (2019); UNITED STATES V. GREATWALKER, 285 F. 3d 727, 729-736 (8TH CIR. 2002); BAKER V. BARBO, 177 F.3d 149, 155 (3d CIR. 1999); CERT DENIED, 528 US 94 Because "THERE CAN be NO PLEA BARgaiN TO AN ILLEGAL SENTENCE" RD, AND Because PETITIONER WAS 'PROMISED' 2/ Brady V. UNITED STATES, 397 US 742, 750-756 (1970) This did NOT aPPLY TO her CASE, IT VIOLATES SANTABELLO V. NEW YORK, 404 US 257, 263 (1971), due to REQUIRED "SPECIFIC PERFORMANCE" PD. This is AN UNCONSTITUTIONAL PENALTY AND SENTENCE PER CLASS V. UNITED STATES, 138 S.CT. 708, (2018). "DESPITE a GUILTY PLEA, a PETITIONER MAY URGE SUCH a CONTENTION IN THE REVIEWING COURT ID.

## (A) SUPPORTING FACTS:

The Bias AND CORRUPT CHIEF U.S. DISTRICT JUDGE DANIEL L. HOVLAND ILLEGALLY SENTENCED PETITIONER TO AN ILLEGAL SENTENCE OF LIFETIME SUPERVISION ACTING IN CLEAR ERROR by APPLYING THE UNAUTHORIZED 18 USC § 3583 (K), AS NO MINORS WERE INVOLVED IN PETITIONERS CASE, AND PURSUANT TO DESIGN 5301Q CMT. N1 her Charge IS NOT A 'SEX OFFENSE" ID, AS 3583 (K) REQUIRES A SEX OFFENSE INVOLVING MINORS, AND ONLY APPLIES TO 18 USC § 2421 (A) IN A CASE INVOLVING MINORS, THERE WERE NO MINORS IN PETITIONERS CASE; THEREFORE, THIS APPLICATION OF 3583 (K) IS NOT AUTHORIZED by THE SENTENCING COMMISSION, CONGRESS, OR THE U.S. CONSTITUTION, OR THE LAW ITSELF. PETITIONERS DEFENSE COUNSEL OBJECTED by INFORMING THE BIAS JUDGE "THAT DOESN'T APPLY, YOUR HONOR". THE BIAS JUDGE SAID "WE'll SEE ABOUT THAT" AND ACTING IN BIAS CORRUPTION, HE ILLEGALLY APPLIED IT. THE U.S. SUPREME COURT HELD IN UNITED STATES V. HAYMOND, 139 S.CT. 2369 (2019) THAT § 3583 (K) IS UNCONSTITUTIONAL AND UNENFORCEABLE, IN VIOLATION OF THE 8TH AND 6TH AMENDMENTS, AND THEREFORE This is AN ILLEGAL SENTENCE, AND THERE CAN BE NO PLEA BARGAIN TO AN ILLEGAL SENTENCE. THIS IS A BREACH OF CONTRACT, DUE TO THE REQUIREMENTS OF SPECIFIC PERFORMANCE, AND PROMISES MADE TO PETITIONER, THAT NONE OF THESE THINGS WOULD APPLY IN her CASE, WHICH IS EVIDENT ON THE RECORD AS DEFENSE COUNSEL CHRIS BELLMORE REPEATEDLY STATED THAT DOESN'T APPLY, YOUR HONOR". THE BIAS AND CORRUPT JUDGE HOVLAND ABUSED HIS DISCRETION, AND APPLIED SENTENCING ENHANCEMENTS TO THE WRONG OFFENSE. PETITIONER, HAS NO ELEMENTS OR Charge OF 18 USC § 2241 (A). IN THE INTENTIONAL AND BIAS CORRUPT ACT OF RULING TO APPLY UNAUTHORIZED ENHANCEMENT, THAT DO NOT APPLY TO THE ACTUAL Charge OF 18 USC § 2421 (A) by THE CLEAR ERROR OF TRANSPOSING NUMBERS, THUS US A DENIAL OF DUE PROCESS AND EQUAL PROTECTIONS, AND DENIED PETITIONER OF FAIR AND UNBIASED TRIBUNAL IN VIOLATION OF THE 8TH, 6TH, AND 14TH AMENDMENTS, AND RESULTED IN A SENTENCING DISPARITY, RESULTING IN CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE US. CONSTITUTION, AND IS ILLEGAL AND UNCONSTITUTIONAL AND UNAUTHORIZED BY LAW, THE US. PROBATION, HAS FURTHER DEPRIVED PETITIONER her EARLY RELEASE IN MARCH, APRIL, OR MAY OF 2021, AS THEY DENIED PETITIONER RELEASE PLAN TO her RESIDENCE, AND TO IMMEDIATELY REPORT TO her STEIN IST PLYSURG AND THERAPISTS FOR her SERIOUS MEDICAL CONDITIONS INCLUDING INTERSEX RELATED GENDER DYSPHORIA AS THEY ARE BIAS UPON TRANSGENDER STATUS, THIS IS ALSO A BREACH OF CONTRACT, AS PETITIONER WAS PROMISED, SHE WOULD GET THIS CARE.

13

GROUND ELEVEN: The DEFECTIVE INDICTMENT Failed to "COMPLY WITH THE STATUTORY [Language] REQUIREMENT CONCERNING THE SEQUENCE OF INTERSTATE TRAVEL AND THE VIOLATION OF STATE LAW, and THEREFORE charged NO OFFENSE". UNITED STATES V. ZEMATER, 501 F.2d 540, 543-545 (7TH CIR. 1974) "THE US STATUTE [IS REQUIRED to be] USED IN THE INDICTMENT TO ESTABLISH THE CRIME FOR WHICH ANY US STATUTE [IS REQUIRED to be] USED IN THE INDICTMENT TO ESTABLISH THE CRIME FOR WHICH ANY PERSON CAN BE Charged, ie, TO ESTABLISH THAT THE SEXUAL ACTIVITY WAS ILLEGAL" UNITED STATES V. COLE, 262 F.3d 704, 708 (8TH CIR. 2001), THE COURT NEVER Acquired JURISDICTION AND had NO POWER TO ENTER THE CONVICTION OR IMPOSE THE SENTENCE" Class V. UNITED STATES, 138 S.Ct 708, 200 L.Ed.2d 37, 44 (2018), THE INDICTMENT OR INFORMATION IS VOID FOR VAGUENESS, and FAILED TO MEET REQUIREMENTS OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION, THE PETITIONER Was ILLEGALLY ARRESTED, DETAINED, CONVICTED, AND SENTENCED TO A "NON-EXISTENT OFFENSE", IN RE DAVENPORT, 147 F.3d 605, 611 (7TH CIR. 1998) "A CLAIM OF A DEFECTIVE INDICTMENT IS A JURISDICTIONAL ISSUE THAT MAY BE RAISE LAT ANY TIME" IVY V. PONTESSO, 328 F.3d 1057, 1060 (9TH CIR. 2002), CITING UNITED STATES V. JONES, 980 F.2d 1314 (9TH CIR. 1992), AS "THE INDICTMENT IS SO DEFECTIVE IT DOES NOT, CHARGE OFFENSE FOR WHICH PETITIONER IS CONVICTED", HAYLE V. UNITED STATES, 815 F.2d 879, 882 (2d CIR. 1987) CITING UNITED STATES V. WINKLE 587 F.2d 724, 733 (2d CIR. 1973),

(A) SUPPORTING FACTS:

The PETITIONER Was ILLEGALLY, AND WRONGFULLY CONVICTED, TO A NON EXISTENT OFFENSE, IN WHICH Failed TO STATE A FEDERAL OFFENSE. THE COURT, NOR THE PROSECUTION, EVER had ANY JURISDICTION TO ARREST, DETAIN, PROSECUTE, CONVICT, SENTENCE, OR PUNISH PETITIONER BY INCARCERATION OR FORCED RAPE, SEXUAL/PHYSICAL ASSAULTS, OR HARASSMENTS. THE DEFECTIVE INDICTMENT FAILED TO PROVIDE A STATE STATUTE VIOLATED IN A STATE TRAVELLED TO IN THE STATE TRAVELLED TO, AS THE DIFFERENT STATE, TO [KNOWINGLY INTEND] TO VIOLATE THE LAW IN A STAND ALONE OFFENSE. IN EXAMPLE OF THIS PETITIONER MANN ACT PORSUANT TO 18 USC §2421 (a) IS NOT A STAND ALONE OFFENSE. IN EXAMPLE OF THIS PETITIONER OFFENSE NOT BEING A VIOLATION, IF A PERSON LEAVES TUCSON, ARIZONA, TRAVELS IN INTERSTATE COMMERCE INTO NEVADA TO WORK AT A LEGAL BROTHEL, THIS IS NOT A VIOLATION OF THE MANN ACT, AS NO OFFENSE IS VIOLATED IN THE STATE TRAVELLED TO IN INTERSTATE COMMERCE WITH INTENT TO ENGAGE IN PROSTITUTION, OR ANY OFFENSE IN WHICH A PERSON CAN BE CHARGED THIS IS WHY THE GOVERNMENT IS REQUIRED TO ESTABLISH THIS PRIOR TO OBTAINING JURISDICTION, AS THE RESPONDENTS PROSECUTION FAILED TO FOLLOW THE STATUTORY PROCEDURE REQUIREMENTS TO CHARGE A FEDERAL OFFENSE, AND FAILED TO OBTAIN ANY JURISDICTION TO ILLEGALLY ARREST, ILLEGALLY DETAIN, ILLEGALLY PROSECUTE, ILLEGALLY CONVICT AND ILLEGALLY INCARCERATE HER, THE U.S. DISTRICT COURT AND THE JUDICIALLY BIAS AND CORRUPT JUDGE DANIEL T. HOVELAND, HAD NO JURISDICTION TO HEAR, TRY, DETAIN, CONVICT, SENTENCE, OR INCARCERATE PETITIONER, AS THIS VIOLATES FEDERAL RULES OF CRIMINAL PROCEDURE, THE 5TH AMENDMENT TO THE U.S. CONSTITUTION, AND CLEARLY ESTABLISHED LAW, AND FEDERAL COURT PRECEDENTS, THE PETITIONER IS BEING held ILLEGALLY AND UNCONSTITUTIONALLY, AS SHE IS ACTUALLY AND LEGALLY INNOCENT OF THE MANN ACT PORSUANT TO 18 USC §2421(a), THE INDICTMENT OR INFORMATION WAS ARBITRARILY LEFT VOID FOR VAGUENESS, SO AS TO CONFUSE EVERYONE, BY FAILING TO DO ITS PURPOSE, UNDER THE 5TH AMENDMENT TO THE U.S. CONSTITUTION, AND FULLY AND PRECISELY NOTIFY WHAT PETITIONER WAS BEING CHARGED WITH, THIS DENIED DUE PROCESS, EQUAL PROTECTIONS, AND A FAIR AND UNBIASED TRIBUNAL IN VIOLATION OF THE 6TH, LTH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION, DUE TO THE BIAS AND CORRUPT JUDGE AND THE PROSECUTIONS MISCONDUCT, AND FAILURE TO STATUTORILY CHARGE A FEDERAL OFFENSE, IN WHICH THE PROSECUTION HAD NO ELEMENTS TO SUPPORT, OR CHARGE A FEDERAL OFFENSE. PETITIONER IS BEING ILLEGALLY HELD IN VIOLATION OF CLEARLY ESTABLISHED FEDERAL LAW, THE US CONSTITUTION, AND INTERNATIONAL TREATIES, THIS REQUIRES HER IMMEDIATE RELEASE, UNCONDITIONALLY FROM CUSTODY.

GROUND TWELVE: The Petitioner is *Legally Innocent* of the Charge of WRONGFUL and Illegal Conviction and Sentence, pursuant to clearly Established Law of the U.S. Supreme court and circuit courts, pursuant to Imortenson v. United States, 322 US 369 (1944), Twitchell v. United States, 330 F.2d 759-759-761 (9th cir. 1964); Remand, 84 S.Ct. Newly Discovered Evidence proffered by the Respondents prosecution Previously Un Available to Petitioner fully proves a fundamental Miscarriage of Justice, her actual and legal Innocence by clearly Established Law and U.S. Supreme and federal court precedents, the court Nor the prosecution ever had any power to enter conviction or impose the sentence, Class v. United states, 138 S.Ct. 798, 200 L.Ed.2d 37,47 (2019).

(a) SUPPORTING FACTS:

Petitioner is legally innocent of the Mann Act pursuant to 18 USC §2421 (a), as the conduct in which she is illegally and unconstitutionally convicted and sentenced to is Not a federal offense as held by clearly Established Law, Petitioner did Not Transport anyone, as admitted to in Newly Discovered Evidence Not Previously Available to her in her pre-trial proceedings. This was provided in the Respondents prosecution 28 USC §2255 Response (Doc. 118, Page 6, lines 10,14,12 and transcript sentencing as u), This is Newly Discovered Evidence of Petitioners legal and actual innocence, Y.F. started the defendant would Transport a car by driving it across country, and she would follow in the defendants car, so that she could transport the defendant to the Next Job or Home, T.D., Lanyia Fly used her own car, she is legal and registered owner of, she is over 18 at the time, a legal adult, her date of birth is August 22, 1997, The Ninth Circuit held in Twitchell on Remand from the U.S. Supreme court, by the Respondents prosecution writ of error, that it is Not a Violation of the Mann Act for the woman or girl to transport herself, Further, the U.S. Supreme court held in Mortensen, that a trip that begins with an innocent purpose, and the U.S. Supreme court holds that Petitioners legitimate employment purpose, and the U.S. Supreme court holds that petitioners conduct, and admitted conduct, and Respondents prosecutions admission of Petitioners conduct did Not Violate the Mann Act under the prosecutive admission, all prove the conduct did Not Violate the Mann Act, and deny due process, by torturing Petitioner through her intersex related Gender Dysphoria, and Lying Raynauds, and using Duress and Known Perjurious Testimony and Evidence, and Lying to coerce and induce an unknowing and involuntary plea, Petitioner would Not be convicted to an offense the U.S. Supreme court holds Not to be illegal, The bias and corrupt Judge Daniel L. Hovland was so prejudice upon Petitioner and her intersex and/or Transgender female Gender Dysphoric status, he abused his discretion, and Ruled intentionally contrary to U.S. Supreme court Law that is clearly Established Law, Had it Not been for this denial of due process, the Petitioner would Not have been found Guilty to a New Existent offense, The court Never had Jurisdiction over, This inherently makes the indictment defective, as it fails to charge a federal offense, and in fact illegally criminalizing conduct, which the U.S. Supreme court holds to Not be illegal. Therefore Petitioner is being illegally unconstitutionally held in custody, and the Respondents proffered and Newly Discovered Evidence requires Acquittal pursuant to Fed.R.Crim.P. Rule 29, and release unconditionally and immediately of Petitioner as this is a fundamental Miscarriage of Justice.

GROUND THIRTEEN: The Petitioner is Actually Innocent of the Penalty of Rape, Sexual Assault, Walsh Act, Sex Offender Registration Notification Act (SORNA), Lifetime Supervision, Torture, Induced Suicide to Illegally execute a Death Sentence, Severe Assault, Battery, and Execution of Death Penalty, By US. DOJ officials, Agents, Contractors, or their Informants, or Inmates, Pursuant to Sawyer V. Whitley, 505 US 333, 341-347 (1992) and the Eighth Amendment [Prohibits] arbitrary and capricious impositions of the [Foregoing execution of the] Sentence." EG. Newly Discovered evidence, Provided by Respondents,

(A) SUPPORTING FACTS: EVIDENCE
The Petitioner has Newly discovered of the Respondents Illegal Execution of her Illegal Sentence. The Respondents have Illegally unconstitutionally carried out a Sentence to Illegally execute a Sentence to the Wrong offense with enhanced Punishments that are Not authorized by Law, Stating, Regulation, or US. Supreme Court or Federal Court Precedents Pursuant to United States Sentencing Guidelines § 501.2. A "Sex offense is an offense Perpetrated against a Minor". EG at Chapt All. A "Minor is a Person who has Not attained age 18, Pa. USSG § 501.2 (b)(2) has been Incorrectly Applied by The Bias Judge Abuse of Discretion and Plain Error, as 1) an error, 2) that is Plain, and 3) affects Substantial Rights, has been Illegally Applied and Illegally carried out upon Petitioner. The Respondents have Illegally Applied cruel and unusual Punishment by arbitrary and capricious Enhanced Illegal Punishments of and depriving Medical care, to Forcing Rape, Sexual Assaults, Physical Assaults, Battery, and depriving Medical care, to Illegally Execute the Death Penalty through Suicide and/or Homicide upon Petitioner.
The Respondents have Further added Illegal Enhancements of "WALSH ACT", "SORNA", Sex offense Public Safety Factor, in which have Resulted in a Higher Custody Level, a More Lengthy Sentence, Discrimination upon Petitioner, and Threat upon her Life, Health, and Safety, Including Medical and Psychological Personnel, treatments being deprived Based upon This False Information. This has also Resulted in Placement at a High Security Level Sex offender Treatment Program Facility, when Petitioner is Not a Sex offender Per USSG § 501.2, Chapt. R.I.
AT Sentencing The Respondents Prosecution Unconstitutionally Presented Known False and Perjurious testimony and evidence, to deny due Process upon Petitioner, to seek and confuse, anger, and incite the Bias corrupt Judge to Abuse his Discretion in coerced Unknowing, Illegally unauthorized Enhancements, in Breach of Contract Abused his discretion by effective, Sentencing Petitioner to 18 USC § 2241(a) in which is the Wrong offense, as she and Involuntary Plea agreement. The Bias Judge Abused his description as, she is Wrongfully Convicted of 18 USC § 2421(a), and serving The Wrong Sentence, The Respondents have deprived her of Email, Raised her Custody Level, denied First Step Act Programming For Early Release, extending her Sentence
The Respondents have Beat, Sexually Mutilated, Forced Rape, and other Abuse upon Petitioner due to this Illegal Execution of an Illegal Sentence, In Violation of the US. Constitution. This is an Illegal and Prejudice Denial of Due Process and Equal Protection to Illegally unconstitutionally Execute an Unfair Sentencing disparity to Inflicted to Execute cruel and unusual Punishments upon Petitioner in Violation of The 5th, 6th, 8th, and 14th Amendments of The U.S. Constitution.

16

Ground FOURTEEN; FRAUD UPON THE COURT, to deny DUE PROCESS IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE Rule 60, and 18 USC §§ 1503; 1510; and 1512; While ACTING IN AN ORCHESTRATED CONSPIRACY to deny Rights IN A CRIMINAL PRE-TRIAL, POST CONVICTION; AND Habeas PROCEEDING, IN ADDITION TO VARIOUS CIVIL RIGHTS ACTIONS AS A RESULT OF THE PROSECUTORIAL MISCONDUCT to COVER UP AND CONCEAL THEIR CORRUPT BAD FAITH "ENDEAVORING to OBSTRUCT OR IMPEDE THE DUE ADMINISTRATION OF JUSTICE", UNITED STATES OF AMERICA V. MALONEY, 21 F.3d 645, 656 (7TH CIR, 1995). While ACTING IN A CONSPIRACY to deny Rights IN VIOLATION OF 18 USC §§ 241 AND 242 AND A 42 USC §§ 1983 AND 1985. AND THE U.S. CONSTITUTION AMENDMENTS 5, 8 and 14, PETITIONER OBTAINED NEWLY DISCOVERED EVIDENCE NOT PREVIOUSLY AVAILABLE to HER. THIS FRAUD RENDERS PETITIONERS CONVICTION AND SENTENCE ILLEGAL AND UNCONSTITUTIONAL, AS SHE IS ACTUALLY AND LEGALLY INNOCENT OF 18 USC § 2421(A), AND THE CONVICTION AND SENTENCE WERE OBTAINED BY AND THROUGH FRAUD UPON THE COURT, DENYING DUE PROCESS.

(A) SUPPORTING FACTS:

The RESPONDENT PROSECUTION LIED to A COURT AND GRAND JURY to ILLEGALLY UNCONSTITUTIONALLY ARREST, DETAIN, SEARCH AND SEIZE PETITIONER AND HER FAMILIES; BUSINESS AND PERSONAL BELONGINGS AND PROPERTY ON VIOLATION OF THE 4TH AMENDMENT TO THE US. CONSTITUTION, While ACTING IN A DECEPTION UPON THE COURT AND GRAND JURY to ARREST AND DETAIN PETITIONER ILLEGALLY WITH A PLACE HOLDER OFFENSE OF 18 USC § 1512, BY LYING AND STATING THAT SHE THREATENED to KILL SOMEONE. PETITIONERS FACEBOOK MESSAGE STATED; "YOU SHOULD BE MORE TRUTHFUL" Which IS AN AFFIRMATIVE DEFENSE to THAT CHARGE ON JULY 15, 2016. ON THE 69TH DAY OF THE 70 DAY SPEEDY TRIAL REQUIREMENT OF THE SIXTH AMENDMENT, THIS CHARGE WAS WITHDRAWN BY THE PROSECUTION, DUE to LACK OF EVIDENCE. THEN IN VIOLATION OF THE RULE OF SPECIALTY AND THEN ILLEGALLY EXTRADITED ERROR, AND CHARGED PETITIONER WITH 18 USC § 2421(A), HAVING NO ELEMENTS OF TRANSPORTATION OR VIOLATION OF ANY STATE LAW, AND IS DEFECTIVE AND VOID FOR VAGUENESS to INTENTIONALLY DECEIVE THE COURT INTO BELIEVING THIS EXTENDED THE 70 DAY SPEEDY TRIAL RULE INTO PERPETUITY INDEFINATELY FOREVER. THE PETITIONER ASSERTS IT DOES NOT. THEN ALSO ON THIS SAME SEPTEMBER 22, 2016 HEARING, THE RESPONDENTS ACTING IN A FURTHER COORDINATED CONSPIRACY WITH AUSA MATHEW GREENLEY, USMS DEPUTY MARSHALS; LAURA BOLL; JAY FERGUSON; JUAN DELEON; DAVID BEHM, ET AL. by FIRST LYING to THE COURT AS OFFICERS OF THE COURT, WITH INTENT to DECEIVE THE COURT; AND DID DECEIVE THE COURT by STATING; "THE HORMONE THERAPY HAS BEEN APPROVED, AND ITS ON ITS WAY YOUR HONOR" (LAURA BOLL), to DECEIVE THE COURT, AND DID DECEIVE THE COURT, AND DENYING DUE PROCESS UPON PETITIONER; BY IMMEDIATELY NOTIFYING THE JAILS to NOT PROVIDE THE HORMONE THERAPY to HER, WITH INTENT to TORTURE PETITIONER OVER TIME; OVER BEARING HER WILL, THROUGH PROLONGED DENIAL OF HER GENDER AFFIRMING MEDICALLY NECESSARY TREATMENT, to INDUCE GENDER DYSPHORIA RELATED ANXIETY AT EXTREME LEVELS OF 50/63 ON THE BAI, WITH INTENT to COERCE INTO AN UNKNOWING AND INVOLUNTARY PLEA AGREEMENT, SHE NEVER WANTED AND STILL DOES NOT WANT, AND THIS ILLEGAL CONVICTION AND SENTENCE OBTAINED THROUGH PREJUDICED PETITIONER. BY RESULTING IN AN ILLEGAL CONVICTION AND SENTENCE NOT PREVIOUSLY AVAILABLE FRAUD UPON THE COURT. THE PETITIONER DISCOVERED NEW EVIDENCE NOT PREVIOUSLY AVAILABLE to HER IN PREVIOUS PRE-TRIAL AND 28 USC § 2255 PROCEEDINGS, SHOWING DAVID BEHM AS US DOJ, YOU EMAILING HMCLEAN@CASSCOUNTYND.GOV INFORMING HER NOT to PROVIDE THEM, AS "THEY WOULD JUST BE DENIED AGAIN" AND THERE WAS "NO NEED to ASK", CLEARLY PROVING THE CONSPIRACY to COMMIT FRAUD UPON THE COURT AND DENY DUE PROCESS UPON PETITIONER. THE RESPONDENTS HAVE ALSO CONTINUED to USE THIS TORTURE to DENY DUE PROCESS REPEATEDLY SINCE, AND HAVE AGAIN ALLOWED HER MEDICALLY NECESSARY TREATMENTS to EXPIRE, AND ARE REFUSING to RENEW THEM, WITH INTENT to DENY DUE PROCESS IN THIS HABEAS AND CIVIL RIGHTS CASE NO. 4:21-CV-00506-THE-SHR (DAZ) AND SADISTICALLY AND MALICIOUSLY TORTURE PETITIONER THROUGH HER MEDICAL CONDITIONS; IN DELIBERATE INDIFFERENCE to HER HEALTH AND SAFETY IN VIOLATION OF THE 8TH AMENDMENT AND 5TH AMENDMENTS, AND THE CONVENTION AGAINST TORTURE, THE CONVENTION AGAINST DISCRIMINATION OF ALL WOMEN, AND STATE AND FEDERAL VULNERABLE ADULT LAWS, THE RESPONDENTS PROSECUTION FURTHER USED PETITIONERS GENDER IDENTITY/INTERSEX ISSUES to INCITE JUDICIAL BIAS AT THE JUNE 7, 2017 STATUS CONFERENCE, AND THEN ON FEBRUARY 26, 2018 AT SENTENCING, WHEN THE JUDGE STATED "I DON'T WANT to DEAL WITH TRANSGENDER ISSUES" ACTING IN ILLEGAL PREJUDICE BIAS DISCRIMINATION UPON PETITIONER AND HER SERIOUS MEDICAL CONDITIONS, ILLEGALLY DENYING PETITIONER HER DUE PROCESS RIGHTS, AND DISQUALIFYING HIMSELF. AS A JUDGE, AND BY COLLUDING WITH THE PROSECUTIONS FRAUD UPON THE COURT, THIS ILLEGAL MISCONDUCT IS A DENIAL OF DUE PROCESS AND A FAIR AND UNBIASED TRIBUNAL IN VIOLATION OF THE 5TH, 6TH, 8TH, AND 14TH AMENDMENT OF THE US CONSTITUTION, AND PETITIONER IS ILLEGALLY UNCONSTITUTIONALLY BEING HELD IN CUSTODY BY THE RESPONDENTS.

<u>GROUND FIFTEEN</u>: The INDICTMENT IS VOID FOR VAGUENESS and FAILED to CHARGE a FEDERAL OFFENSE, and is <u>DEFECTIVE</u>. "A CLAIM OF a DEFECTIVE INDICTMENT IS a <u>JURISDICTIONAL</u> <u>ISSUE THAT MAY BE RAISED AT ANY TIME</u>" IVY V. PONTESSO, 328 F.3d 1057, 1060 (9TH CIR. 2003) CITING UNITED STATES V. JAMES, 980 F.2d 1314 (7TH CIR. 1992), and due to JUDICIAL BIAS and PROSECUTORIAL MISCONDUCT, "The § 2255 REMEDY WAS INADEQUATE OR INEFFECTIVE" and THE PETITIONER IS ENTITLED TO SEEK RELIEF UNDER § 2241" EVV SUPRA, 204 AT *1060. This VIOLATES The VAGUENESS DOCTRINE OF The U.S. CONSTITUTION, PURSUANT TO THE 5TH AMENDMENT, and DENIED PETITIONERS DUE PROCESS OF LAW. This IS ALSO A VIOLATION OF FED.R.CIV.P. 60, AND A FUNDAMENTAL MISCARRIAGE OF JUSTICE AS PETITIONER IS LEGALLY AND ACTUALLY INNOCENT OF 18 USC § 2421(a), AND IS BEING ILLEGALLY HELD, AS THE COURT HAD "NO JURISDICTION OR POWER TO ENTER THE CONVICTION OR IMPOSE THE SENTENCE", CLASS V. UNITED STATES, 138 S.CT. 708, 200 LEd. 2d 37, 43-44 (2018), and THIS ENTITLED TO BE DISCHARGED". CLASS, SUPRA, AT 43. CITING COMMONWEALTH V. HINDS, 101 MASS. 209, 210 (1869).

(a) SUPPORTING FACTS:

The INDICTMENT OR INFORMATION IS REQUIRED TO NAME A STATE VIOLATION IN A STATE TRAVELED INTO FROM ANOTHER STATE TO ESTABLISH WHAT SEXUAL ACTIVITIES WOULD BE ILLEGAL IN THAT STATE, AS THE MANN ACT UNDER 18 USC § 2421(a). The RESPONDENTS PROSECUTION LEFT THE INDICTMENT OR INFORMATION VOID FOR VAGUENESS STATING "BETWEEN IN OR AROUND FEBRUARY 2016 AND IN OR ABOUT MAY 2016 IN THE DISTRICT OF NORTH DAKOTA AND ELSEWHERE did KNOWINGLY TRANSPORT THE VICTIM C.F. AN ADULT IN IN INTERSTATE COMMERCE CROSSING THE STATE BORDERS OF NORTH DAKOTA, WITH INTENT TO ENGAGE IN A SEXUAL ACT FOR WHICH ANY PERSON CAN BE CHARGED WITH A CRIMINAL OFFENSE" (DOC. 113, PAGE 5, AT BOTTOM.) This DOES NOT PROVIDE A STATE TRAVELED INTO, NOR AN ORDINANCE OR PENAL CODE VIOLATED IN THAT STATE. IT IS SO VAGUE, SO, AS LEAVE AN INDICTMENT, INFORMATION OR PLEA AGREEMENT UNKNOWING AND INVOLUNTARY, BY FAILING TO PROPERLY INFORM THE PETITIONER OF EXACTALLY WHAT OFFENSE SHE IS CHARGED WITH, LEAVING IT VOID FOR VAGUENESS. BECAUSE THE SCIENTER OF "KNOWINGLY" IS THE BASIS OF THE 5TH AMENDMENT. THE CHARGE, SHE MUST BE FULLY INFORMED TO MEET THE STRINGENT VAGUENESS DOCTRINE OF THE 5TH AMENDMENT. BY THE FEDERAL PETITIONER MUST KNOWINGLY TRANSPORT A PERSON TO HAVE ELEMENTS FOR JURISDICTION, BY THE FEDERAL GOVERNMENT OR U.S. DISTRICT COURT. RESPONDENTS PROFFERED NEWLY DISCOVERED EVIDENCE THAT PETITIONER NEVER TRANSPORTED ANYONE WHEN THEY ADMIT "C.F. STATED THE [PETITIONER] WOULD TRANSPORT A CAR BY DRIVING IT ACROSS COUNTRY, AND SHE WOULD FOLLOW IN THE DEFENDANT'S CAR (NOTE: C.F. IS THE LEGAL AND REGISTERED OWNER AND IT WAS HER OWN VEHICLE), SO THAT SHE COULD TRANSPORT THE [PETITIONER] TO THE NEXT JOB OR HOME, (DOC. 118, PAGE 6, PARAGRAPH 2, LINES 10,11,12) C.F. SENT AT 112. This PETITIONER COULD NOT HAVE "KNOWINGLY" TRANSPORTED SOMEONE SHE NEVER TRANSPORTED, PROVING PETITIONERS ACTUAL AND LEGAL INNOCENCE OF 18 USC § 2421(a) AS IT REQUIRES THIS ELEMENT. This IS A FUNDAMENTAL MISCARRIAGE OF JUSTICE, AS AN INNOCENT PERSON HAS BEEN CONVICTED AND SENTENCED TO A <u>NON EXISTANT OFFENSE</u>, BY A JUDICIALLY BIAS JUDGE WHO WAS DISQUALIFIED IN A COURT THAT NEVER HAD JURISDICTION TO ENTER A CONVICTION, OR IMPOSE THE ILLEGAL SENTENCE, THAT IS VOID. THE PETITIONER ALSO <u>CANNOT</u> PLEA TO AN ILLEGAL SENTENCE. THEREFORE, SHE IS BEING ILLEGALLY AND UNCONSTITUTIONALLY HELD IN <u>VIOLATION</u> OF THE U.S. CONSTITUTION PURSUANT TO THE 4TH, 5TH, 6TH, AND 8TH, AND 13TH AMENDMENTS, AND THIS IS A CRUEL AND UNUSUAL PUNISHMENT, DENIAL OF DUE PROCESS, ILLEGAL SEARCH, SEIZURE, INCARCERATION, AND HAS RESULTED IN FORCED SEXUAL SERVITUDE BY THE RESPONDENTS, WHO NEVER HAD ANY JURISDICTION TO ARREST, DETAIN, OR HAUL PETITIONER INTO COURT UPON THE NON EXISTANT OFFENSE. THEY LEFT VOID FOR VAGUENESS, WITH NOT ONE ELEMENT TO CHARGE OR ASSUME JURISDICTION, OR TO CONVICT, PROSECUTE, OR EVEN EXECUTE AN ILLEGAL SENTENCE UPON PETITIONER, AND THE RESPONDENTS ARE ILLEGALLY EXECUTING AN ILLEGAL SENTENCE UPON PETITIONER, AND SHE IS ENTITLED TO IMMEDIATE AND UNCONDITIONAL RELEASE FROM CUSTODY.

18

Ground Sixteen: Abuse of Discretion by Illegally Bias Judge.

The Judicially Bias Judge Illegally Abused his discretion in Pre-Trial, Sentencing and Habeas Proceedings, to Illegally convict Petitioner to an offense he had No Jurisdiction to hear, Then Sentenced her to unauthorized statutes for her conduct. He failed to do his Federal Rules of Criminal Procedure 12 (b)(d) Requirements to rule on Motions of Petitioner, Because he did Not "want to deal with Transgender Issues." This is an abuse of discretion and Violated Petitioners Rights to due Process and Equal Protections under The U.S. Constitution Amendments Five and Six, and Fourteen. This Structural error Requires Automatic Reversal. The Bias Judge allowed Petitioner to be continuously tortured, to effect the outcome, Because he Hates Transgenders.

(A) Supporting Facts:

The Criminally Bias and corrupt Judge, who defiled The Bench in Violation of ABA Cannon's, The U.S. Constitution, and United States Code, and Law's of the Land set by The U.S. Supreme Court and Federal Circuit Courts; by his Personal Hate and Bias against intersex and/or Transgender Persons with Gender Dysphoria, which Petitioner is, was, and always will be.

Due to this Bias, and Hate, upon Petitioner for Being Intersex and/or Transgender he was disqualified as a Judge, and thus had No Power or Authority to sit in Bias in Criminal Habeas, and Civil Rights proceedings involving an intersex and/or Transgender Female Gender Dysphoric Party in the action. To do So, is a Structural error that Requires Automatic Reversal. The Petitioner is Actually Innocent, and but for the Illegal Bias and Corruption to deny due Process and a Fair and Unbiased Tribunal, in violation of The Fifth and Sixth Amendments; by failing to do his duty, to guard, enforce, and protect the Petitioners Rights as Required by The U.S. Supreme Court, in Zwickler V. Koota, when he failed to protect her rights from The Illegal Prosecutorial Misconduct in Bad Faith by the Respondents, simply because he did Not "want to deal with Transgender Issues" in a criminal Proceeding. This denied Petitioner a Fair and Unbiased Tribunal, and due Process and Equal Protections of Law, in Violation of the 5th, 6th, and 14th, Amendments to the U.S. Constitution. The Bias Judge failed to Rule on Petitioners Amendments to the U.S. Constitution. The Bias Judge failed to Rule on Petitioners Motions filed with the court, including those pertaining to the Respondents Prosecutions Bad Faith Misconduct and Fraud upon the court to Interfere with The due administration of Justice in a criminal Proceeding; On September 22, 2016 at arraignment hearing, the Respondents Lied to deceive the court, by officers of The Court, into the Belief That They Were Properly Providing Petitioners Gender Affirming Hormone Therapy to her, when They told the court "The Hormone Therapy has been continued, while it's on its way, Your Honor." Then telling the Judge "No Need to ask" again, "If I was just denied again, when several Medical Providers Prescribed Them to Petitioner, Repeatedly. Then on June 7, 2017, at the Status Conference, "Solely to address the defendants Medical complaints, Civil letters to the court 113, page 22, line 2, 3) (in Response to Petitioners National Habeas corpus Tortured). (Transcript of status conference lined 11, 43, 44, 54, 55, to, 1 F) In Regards to Petitioner was kind "Tortured." (Transcript Doc. 118, Page 21, Line 16, 19). This Bias against on June 7, 2017, at 17, "Medical and Gender Dysphoria," intersex and/or Transgender defendants, Illegally denied due Process, by his Abuse of discretion and Failing to Rule on her Motions making him aware That Respondents Prosecution Was Violating Virtually all of her Rights Pursuant to The U.S. Constitution, State and Federal Vulnerable adult Laws, and The Convention against Torture, and Fed. R. Crim. P. Rule 12 (b)(d), and The U.S. Supreme Court, on February 26, 2018, at sentencing he found out why, when The Bias Judge Ruled "I don't want to deal with Transgender Issues" and in Abuse of discretion sentenced Petitioner to The Maximum Sentence, to a Life Time of Supervised Release, Sorna and in Sentencing enhancements That are not authorized in Petitioners case as no Minors were involved, no obstruction of Justice, no costly Supervisory Control, and No Force, threat, intimidation or Rape for sexual Assault, No Lifetime Supervision, No Sorna. This Resulted in a sentencing Disparity in Violation of The Eighth Amendment, and is a Breach of Tortured Involuntary Involuntary Plea agreement.

Ground Seventeen: Denial of Fair unbiased tribunal in violations of Fifth and Sixth Amendments to the U.S. Constitution, ABA Canons, and U.S. code, and the Civil Rights Act of 1964 pursuant to Bostock V. Clayton Cty, 140 S.Ct, 1731, 17-41-42 (2020), "It is impossible to discriminate against a person for being ... transgender without discriminating against that individual based on sex... there is an unmistakable and impermissable role in the ... decision... there is simply no escaping the role intent plays here... because a judge who discriminates on the basis of grounds inescapably intends to rely on sex in its decision making's it."

(a) Supporting Facts:

The petitioner is entitled to a fair and unbiased tribunal. By an unbiased judge or jury. This was denied to her, due to his personal bias upon petitioners intersex gender and/or transgender female gender dysphoric status. At sentencing the bias chief district judge said "I don't want to deal with transgender issues" in addition to this he demonstrated bias by failing to rule on "transgender issues," to protect petitioner from being illegally tortured by the respondents prosecution, with intent to interfere with the proceedings and to deny due process upon petitioner through her "transgender issues" by overbearing her will, and inducing severe emotional distress, anxiety, and gender dysphoria, with intent to induce a plea to a non-existant offense, that is statutorily uncharged, with no supporting elements, that niether the respondents prosecution, nor the court had any jurisdiction to arrest, try, prosecute, convict, or sentence, or incarcerate petitioner who is actually and legally innocent of 18 USC. § 2421 (b), Petitioner is actually and legally innocent of the sentence of 18 USC § 3583 (k), petitioner is actually innocent of the Walsh Act, Petitioner is actually innocent of sex offender notification Act (SORNA). The petitioner is actually innocent of custody, care, and supervisory control, the petitioner is actually innocent of threats, intimidation, or force, petitioner is actually innocent of lifetime supervision, petitioner is actually innocent of child birth repayment. The bias and corrupt judge was informed these enhancements do not apply to petitioners case at sentencing and objected to them through petitioners counsel, the judge said "We'll see about that" in bias and arbitrarily made them apply contrary to the United States sentencing guidelines. This is an abuse of power, abuse of discretion, and clear error and a complete miscarriage of justice due to a total denial of a fair unbiased tribunal in violation of the Sixth Amendment, and an entire denial of due process in violation of the Fifth Amendment of the U.S. Constitution, and a violation of United States Code, service, United States sentencing guidelines, American Bar Association canons, the Administrative Procedures Act, The vulnerable adult laws, Oklahoma vulnerable adult laws, Minnesota vulnerable adult laws, California vulnerable adult laws, Arizona vulnerable adult laws, Idaho vulnerable adult vulnerable adult laws, New jersey vulnerable adult laws, Nevada adult laws, Illinois vulnerable adult laws, Mississippi, Colorado vulnerable Florida vulnerable adult laws, New York vulnerable adult laws, vulnerable adult laws, Nations convention against torture, the convention against discrimination of all women, the United The Nelson Mandela rule, the universal declaration of human rights, by this bias judge, who allowed the respondents prosecution to torture petitioner to deny due process upon her, due to his corrupt collusion, acting as an accomplice, because he "don't want to deal with transgender issues" when he in fact had been required to the moment the illegal warrant was issued, and upon petitioners appearance in his court, as petitioner is well known publically as an intersex (hermaphrodite) and/or transgender female gender dysphoric person, in the world wide media. This bias judges failure is an abuse of discretion, clear error, and prejudice that has resulted in a fundamental miscarriage of justice, in which petitioner is actually innocent, and the judge was disqualified, and the court had no jurisdiction due to a defective indictment. Petitioner is illegally unconstitutionally held in custody by respondents in violation of the U.S. constitution amendments 5, 6, 8, and 14.

GROUND Eighteen; DENIAL OF BOND IN VIOLATION OF THE SPEEDY TRIAL ACT $3164 and the Eighth Amendment to the U.S. Constitution, By the Bias Judge Colluding with the Respondents Prosecution, with intent to intentionally inflict Emotional Distress through torture, through Petitioners Medical Conditions; "Transgender Issues" when the indictment is so defective that it does not charge an offense in which petitioner is convicted, Hamling V. United States, 417 F. 2d 879, 892 (2d Cir, 1987) therefore [the question is whether due Process or Equal Protections has been violated], Griffin V. Illinois, 351 US 12/16-17 C/956)

(A) Supporting Facts;

The Bias and Corrupt Judge Illegally Deprived Petitioner Bond after Ninety consecutive Days in Jail, solely awaiting a trial on a Statutorily unchanged Defective Indictment with No Supporting Elements, when the Court had No Jurisdiction to Hold Petitioner. Petitioner owned Both a Home residence and a Business, and Had Legitimate employment, a contractors license, Excellent credit, Family ties to the community and Religious ties to the community, with absolutely No Reason Not to Appear in court to prove her Innocence, as she was Unconstitutionally Held in custody As Being Guilty, Prior to Proving Her Innocence. This the Judge Did in Bias corruption to Assist the Respondents Prosecution in Intentionally Inflicting Emotional Distress over time, by a prolonged illegal incarceration to Deny a speedy trial and using Petitioners "Transgender Issues" to torture her into an unknowing and Involuntary Plea Agreement, By overriding her will, and forcing her into a plea she did Not want. This Denial of Bond is a Denial of Her Right to a Bond pursuant to the Eighth Amendment, and the speedy Trial act pursuant to 18USC § 3164, and the Sixth Amendment, the Bias Judge had already Violated 18 USC § 3161 70 day Rule of the speedy trial act pursuant to the US Supreme court decision in Ewell, and therefore Violated the Fifth, Sixth, and Eighth Amendment of the U.S. Constitution, and as they had her Illegally Held in State, or county Jails, or Private Contractor Facilities, then Violated the Fourteenth Amendment of the US constitution, This resulted in Prejudice upon the Petitioner, By allowing the Respondents Prosecution to deny due Process by Intentionally Inflicting Emotional Distress upon Petitioner through Her Intersex Related serious medical conditions including Gender Dysphoria and Ray Nauds, and severe Anxiety from these conditions and Post-Traumatic Stress Disorder, the Respondents used to put a foot on the Scale of Justice, to cheat and deceive the court, and torture Petitioner into an unknowing and Involuntary Plea, By premising the court to Provide Petitioners Medically Necessary Hormone Therapy, then telling the Jails Not to Provide it. This is a Violation of Kingsley V. Hendrickson, 135 Sct 2466/ 2472-73 (2015) as to promise the court "the Hormone Therapy Has been approved, Your Honor" Claudia Boell - DOJ/S - September 22, 2016 Bond/Detention Hearing, Then Immediately telling Jails Not to Provide it, is Purposeful and objectively unreasonable and denied due Process and Equal Protections with Intent to Deny speedy Trial and Prejudiced Petitioner by Resulting in a conviction upon a person who is Actually Innocent, Resulting in a Fundamental Miscarriage of Justice

21

Ground Nineteen: Judicial Bias and Abuse of Discretion, ruling contrary to clearly established law in 28 USC § 2255 Proceedings, (Doc. 132). A Bias Judge is disqualified, and cannot Sit on the Bench, when he is Bias upon Intersex and/or Transgender persons, this illegally obstructed Petitioners only Procedural Shot at presenting their claims in a 28 USC § 2255 "In Johnson v. United States Probation and Pretrial Svcs. 2022 US Dist Lexis 23186 (D.WA 2022) "Id at *5, citing Stephens v. Herrera 464 F.3d 895, 898 (9th Cir 2006)

(A) Supporting Facts: Denial of Due Process, Fair Tribunal in Violation of 5th and 6th Amendments.

The Same Bias and Corrupt Judge from Petitioners Pre-Trial, who was Disqualified, due to his Bias upon Intersex and/or Transgender Persons, due to Petitioners "Transgender Issues", was the Judge for Petitioners 28 USC § 2255. This denied due Process under the Fifth Amendment, and Pursuant to the Sixth Amendment's Right to a Fair Tribunal, the Bias Judge, acting in Corrupt Bias Intentionally Ruled Contrary to clearly established Law, this Opens this Pursuant to the Savings Clause of 28 USC § 2255 (e) as Petitioner is Actually Innocent and the Bias and corrupt Judge Blocked her from any Shot at Seeking Relief and Rendered her 28 USC § 2255 Proceedings inadequate or ineffective and unavailable due to his corrupt Bias as a Disqualified Judge. He Intentionally Subverted the Judicial System, in an Abuse of power and Discretion, by Illegally Failing to Rule on Petitioners Pre-trial Motions in Violation of Fed.R.Crim.P. 12 (b)(d), and the 5th Amendment, Because He did Not "want to deal With Transgender Issues" (Sentencing Transcript 2-26-2018) The Bias and Corrupt Judge Denied Due Process in Petitioners § 2255 when He Lied and Stated "Fly, Stated that [she] was not only that [she] had made the decision with [her] attorney" (Doc. 132, Page 13, Line 5, (e). When Petitioner Never Denied Being Intimidated Threatened or coerced, and Petitioner She was tortured, and lied to, and promised the torture would Stop, the actual Statement was made under duress as Follows; "Well, it's a decision I made with my attorney" (Doc. 132, Page 14, Line 14). He also acted in Bias corruption Ruled that being tortured through Petitioners serious medical Conditions by the Respondents Prosecution who committed a Fraud upon the court at Detention Hearing September 22, 2016 promising to Provide them to deprive her Bond in Violation of the Fifth, Eighth, and Fourteenth Amendments. He Ruled this this was Not cognizable in the Context of a 28 USC § 2255" Rendering it Ineffective or Unavailable, leaving it to 28 USC § 2255 (e) Savings Clause to Provide Petitioner Relief for her Actual Innocence. He further acknowledged Defense Counsel Filed a Motion to Reconsider Fly's Pre-Trial Detention Specifically citing the "Lack of attention to Fly's Medical Care" (Doc. 132, Pg 9, Lines 19, [See Doc. No. 32) also Fly Sent a Lengthy Letter to the court complaining of the treatment (Doc. 132, Page 10, Line 2), and "The court held a Status Conference", Id (at Line 3.) Doc. 39 and 93.) This Denial of Release Violated 18 USC § 3164, and 18 USC § 3161, and the 6th and 8th Amendments, and the Torture Denied Due Process in Violation of the 5th Amendment and the Bias Judge has a duty to guard, Protect, and Enforce every Right Granted or Secured by the U.S. Constitution, yet he Failed to do this duty and Rule in Violation of Fed.R.Crim.P. 12 (b)(d), Because he did Not "want to deal With Transgender Issues" and Continued to Repeatedly to Intentionally Misgender Petitioner to inflict Trauma and Emotional Pain, and as an Offensive Language in Regards to Petitioners gender, it Violates the Prison Rape Elimination Act under 28 CFR § 115.6, and the 5th, 6th, 8th, and 14th Amendments of the US Constitution, and the Administrative Procedures Act 5 USC § § 702, 704, 706 for Arbitrary and Capricious Acts, with a Bare Desire to do Harm, further, He Ruled Contrary to Clearly established law, By Stating that Being "Systematically tortured and Subjected to Cruel and Unusual Punishment", Linked Retaliated indifference to their Health and Safety (Doc. 132, Page 23 Line 3, 4/5) is "all in Violation of the Eighth Amendment" to which it was used to Induce or coerce an unknowing and Involuntary Plea, and are "Outside the Scope of a Petition ... Pursuant to 28 USC § 2255" (Doc. 132, Page 23, Line 12, 13) This is contrary to Kingsley v. Hendrickson, 135 S.Ct 466, 2472 (2015) and Rather, than the 8th Amendment Violate the 5th and 14th, Amendments. Due to this Bias Corruption and ongoing torture to affect the outcome of court Proceedings Petitioners only available Remedy is 28 USC § 2241, As § 2255 is inadequate or unavailable.

Ground twenty: Illegal Execution of sentence By BOP, in violation of the US Constitution Amendments 4, 5, 8, 63, and 14, The UN's convention Against torture, The convention Against Discrimination of all women, The Declaration on Human Rights, Nelson Mandela Rule, and State and Federal Vulnerable Adult Laws, United States Code, Code of Federal Regulations, the Prison Rape Elimination Act, the Administrative Procedures Act, the Civil Rights Act of 1964, Farmer V. Brennan, 511 US 825 (1994), In Re Banner, 151 US 242 (1894), Humphrey V. Cady, 405 US 504 (1972), Cameron V. Menard 2019 U.S. Dist LEXIS 164487 (D. VT. 2019), Tay V. Dennison, 427 F.Supp. 3d 657 (S.D.Ill 2019), Monroe v. Baldwin, 424 F.3d 526 (S.Ill. 2019), Prosor V. Rodriquez, 411 US 475, 486 (1973)

(a) Supporting facts:

The Federal Bureau of Prisons Respondents is Illegally Unconstitutionally Executing Petitioners Illegal Sentence, By placing her in the wrong institutions and repeatedly Transferred to the wrong institutions in violation of The Eighth, Fifth, and Fourteenth Amendments, with intent to Force Rape, Sexual and Physical Assaults, Abuse, and other Cruel and Unusual Punishments by failing to place her in a "Facility for Females" (Exhibit "A") Case No. 21-1495 (7th cir, December 27, 2022), Even after being told by the seventh Circuit Court of Appeals, that this would be best for "Her Safety". Id. Pursuant to the Prison Rape Elimination Act, 28 C.F.R. §§ 115.42 ©, (c)"Id, However, the Respondents have continuously acted in deliberate indifference to Petitioners Health and safety, and Ignore the courts Request, Recommendations, and orders, the Respondents have Beat, Forced Rape, Assaulted, Sexually Mutilated and attempted to Kill Petitioner, For Filing Administrative Remedies, Civil Rights, and Habeas corpus complaints and even disc continued or allowed to Lapse Medically Necessary Treatments in violation of Petitioners constitutional Rights under the 6th, 8th and 14th Amendments, and Forced her into sexual servitude in violation of the 13th Amendment and 18 U.S.C. 6 2421 (a) by Transferring her Illegally Unconstitutionally to Male institutions to be Raped, and Forced into sexual servitude as an Intersex Female with Genitalia that Looks like Labial Folds and Labia Majora (See Doc. 19-1, Page 2 case No. 4:21-cv-00306-JWS(HR) Treating her differently than other similarly situated inmates with Genitalia that Looks Like Labia Majora who are Placed in Female Facilities for this Reason, Though Pursuant to their own policy states Not to House solely based upon Genitalia status, They discriminate upon Petitioner solely as a Bar desire to do harm upon her, For Being a Born member of a politically Unpopular Group. The Respondents BOP continue to entirely Disregard Petitioners Health and Safety in violation of the U.S Constitution, State and Federal Vulnerable Adult Laws, the UN Convention Against torture, The Civil Rights of institutionalized Persons Act. The Prison Rape Elimination Act, and The UN Convention Against Discrimination of all women. Petitioner Asserts she needs to be placed in a Female Facility for her Health and Safety. The Respondents BOP Have a Long widespread and Pervasive policy to Force Rape Upon all women, Then Falsely Documents to cover it up, as seen in multiple Media outlets Nationwide. The Respondents Have Beat, tortured and sexually Mutilated Petitioner, and threatened her to stop Filing PREA Reports and Drop your Lawsuits, and Drop your Habeas Appeal. To interfere with and deny due process upon her. The Respondents BOP have also Deprived Petitioner her Medically Necessary Gender Affirming Care, including Surgeries and Laser Hair Removal, social Role Transition Therapy, Use of Female Name and Pronouns, Cosmetics and Feminine Sanitary Needs in violation of the First Step Act with intent to harm Petitioner and Even allowed her Medically Necessary Treatments and Medications Expire, To interfere with court Proceedings and induce Suicide or self harm and severe Mental Decomposition upon Petitioner. She was Denied Surgeries simply due to not Being at a Female Facility, and BOP has Now acted in Illegal Post hoc Justification By interfering with her Gender Affirming Medications. The Respondents Did This same thing to interfere with her Criminal proceedings, this prejudiced her, denied due process upon her

23

Ground twenty-one; Illegal Denial of Release Plan By US, Probation, under 18 USC § 3582 (c), and First Step Act 'Extraordinary and Compelling Reasons' Denial of Due Process, and Equal Protections, in Violation of the 8th and 14th, to Inflict Cruel and Unusual Punishments in Violation of the 8th Amendment, Concepcion V. United States, No: 20-1650 (2022) Estelle V. Gamble, 429 US 97 & 103-05 (1976), Preiser V. Rodriguez, 411 US 475 (1973).

(a) Supporting Facts:

The Respondents US Probation, Illegally unconstitutionally deprived Petitioner of her Release for Extraordinary and Compelling Reasons, pursuant to The First Step Acts Retroactive Provisions, and pursuant to 18 USC § 3582 (c). US Probation denied Petitioners immediate release to the residence she owns outright, bought and Paid for. The Respondents US Probation further denied Petitioners specialist physicians, and to immediately report for treatment by Petitioners specialist physicians, and to further inflict emotional distress, mental/physical health professionals, to further inflict emotional distress, anxiety, gender dysphoria, chronic pain, and Raynauds upon Petitioner, and to deprive her of returning to her community residence, and being an intersex female in that residence, due to their personal discrimination upon her intersex and/or transgender female status, acting in discriminatory bias upon Petitioners intersex and/or transgender female continue to illegally unconstitutionally misgender Petitioner in violation of PREA Law 28 CFR. §§ 115.6 and the Eighth, Fifth, and Fourteenth Amendment. The US Probation placed known false and perjurious statements in Petitioners PSIR to obtain Illegal sentencing enhancements, induce prejudice Bias upon Petitioner and deprivation of medically necessary treatments and to induce rape, sexual, and physical violence and harassments upon her, and force her wrongfully into male institutions to be repeatedly raped, and denied medical care. The Illegally unauthorized enhancements pursuant to Mathis and Haymond in the U.S. Supreme court was the result of inducing or inciting Bias by the judge, and incited Bias and violence by prison and jail officials upon Petitioner, and a sentence far above guidelines including lifetime supervised release, which essentially could result in Petitioner being permanently denied release, or an arbitrary and capricious revocation resulting in a life sentence in prison, when Petitioners statutorily uncharged offense, the court had no jurisdiction to order has a 10 year maximum, in which she is illegally serving. Though only less than 1% of prisoners are sentenced to that. This is a severe and harsh sentence disparity in violation of the 5th, 6th, 8th, and 14th amendments to the US Constitution, US Probation is illegally forcing perpetual incarceration upon Petitioner. Due to their known use of perjurious evidence, statements, and reports, Petitioner has been deprived medically necessary surgeries, First Step Act programming for early release, higher security level illegally in male institutions to be raped by 75 separate male inmates and staff members, and deprived medicine and medically necessary accommodations, and resulted in a longer sentence than promised in an unknown, involuntary coerced plea. The US Probations use of false and perjurious PSIR has also resulted in loss of Privileges including email, and an illegal Walsh Act and SORNA enhancement. Petitioner would have been out of prison without This denial of due process and infliction of cruel and unusual punishments, in violation of the US Constitution, under the 5th, 6th, 8th, and 14th Amendment, The First Step Act pursuant to Concepcion V. United States, United States V. Haymond in the US Supreme Court.

24

Ground Twenty-Two: Illegal Execution of Sentence - Denial of Due Process by inflicting Cruel and Unusual punishments to interfere with Criminal pretrial, and Habeas Proceedings, and Civil Rights Litigation Proceeding 5 by Illegally, unconstitutionally "delaying, denying, or interfering" with medical treatments once prescribed. Estelle V. Gamble, 429 US 97, 103-105 (1976) in violation of the Fifth and Eighth Amendments of the US Constitution, and the State and Federal Vulnerable Adult Laws, and the Administrative Procedures Act 5 U.S.C. §§ 702, 704, 706.

(a) Supporting Facts:

The Respondents are Illegally executing Petitioners Illegal Sentence, That was Illegally obtained by a Fraud upon The court. The Respondents Prosecution Intentionally, willfully, and knowingly lied to the court with intent to deceive the court, and did deceive the court on September 22, 2016 by stating: "the Hormone Therapy has been Approved and its on its way Your Honor." Then after Petitioner had motioned the court in Regards to this, a Status conference was Held on June 7, 2017, in which the Respondents Prosecution Incited The Bias Judge, Hoveland's Hate toward Intersex and or Transgender Female Status by stating it was due to her Gender or Identity Issues, That They were violating virtually All of her Rights, The Respondents Prosecution Then again at Sentencing on February 22, 2018, The Respondents Prosecution Incited further Bias upon The Judge, by using known False and Perjurious Evidence, statements, and testimony to, so Infect the Proceedings as to deny Due Process upon Petitioner, and Alter her Illegally obtained Illegal Sentence, and Incite a Domino Effect or Hate upon Petitioner's Gender, Gender Identity, and or Gender Affirming Treatment, and cake by also using The Same Prejudice False Information in Petitioners PSIR, which has Resulted in Petitioner being perpetually denied, delayed or interfered with in her medically necessary Gender Affirming Treatments, on or around January 17, 2023, or Soon Thereafter, Petitioners Gender Affirming Treatments Expired and Dr.s White Refused to continue this, and petitioner was deprived this and other care including medically necessary Accommodations For Ray Nauds, Asthma Allergies, Chronic Pain, Nerve Pain, Seizures, Safety, Orthotics, Glasses, Gloves, Single cell, Lower Bunk, Lower Level, and Hypoglycemia, and Female only Visual and Pat Searches and Escort. Petitioner asserts these were Arbitrarily and Capriciously allowed to Expire, to Interfere with, her court Proceedings, just as they did in her Criminal Proceedings, In December, 2022, There were several days Petitioner was deprived her medications Arbitrarily. Sometimes Since Being in State, BOP Officials have used this deprivation as punishment For Attempting to Send her Legal Mail to The court, in Habeas and Civil Rights Litigation's, to Interfere with, The process, and effect The outcome of The Proceedings, Just like in her Pre-Trial Proceedings, to deny due process in violation of The 5th, 8th, and 14th, Amendment, state and Federal Vulnerable Adult Laws, The Administrative procedures Act, The Respondent are Illegally unconstitutionally Executing Petitioners Illegal Sentence and Coerced Plea That is a Breach of Petitioners Illegally Tortured and Coerced Plea That was promised "The Torture will stop, you'll go home Time served, and take care of your serious medical condition or Gender Dysphoria and Raynauds, and get back on your Hormone Therapy and maybe do a year at Two of Super Vision." (Chris Bellmore-Defense Counsel)

This is Unknowing and Involuntary, as she was promised "The Torture will-

25

Ground twenty three, Denial of due process in violation and prosecion's by lying on disciplinary incident reports to cover up U.S. DoJ officials misconduct, sexual and physical assaults, torture, Denial of Medically Necessary treatments, and to cover up intentional serious injuries; respondents have inflicted upon Petitioner, with the intent to interfere with her Habeas and civil rights litigations, and disuade her from the Administrative remedies and PREA processes, and federal tort claim processes. This "so infected the [disciplinary Hearing][process]... with unfairness as to make the resulting conviction a denial of due process." Barden v. Wainwright, 477 U.S. 162, 181 (1986). Donnelly v. christoforo, 416 US 637, 643-646 (1974). Because the Fifth and fourteenth Amendment cannot tolerate a federal criminal [or disciplinary] conviction obtained by the knowing use of false evidence." christoforo, supra, Id. at 646.

(u) Supporting Facts:
The respondents [custodian] BoP, has repeatedly abused its power, by abusing Petitioner, then falsifying incident reports to cover up their abuse, much like the police officers who killed the Black man in Memphis, tennesee recently, and George Floyd and others. Petitioner did not have any disciplinary convictions, until she reported being sexually assaulted, and further retaliated against for reporting staff abuse, staff inciting violence and other staff misconduct, then upon illegally being placed in SHU for no verifiable reasons on manufactured statements which never resulted in a formal charge, or conviction, and upon requesting to be returned to the compound to complete her 28 usc §2255 and civil rights litigation paperwork, while at FCI Englewood, (low-custody facility), and about the time Petitioner was interviewed by the office of Internal Affairs (OIA), Special Investigations Administrator (SIA) in regards to the staff misconduct and she believes resulted in a suspension of 7 to 14 days, then C.O., A. Ritchie, lied on an incident report, and charged Petitioner with codes 113 203, 206, and 299, because, Petitioner was promised to remain single cell/Recreation alone, as she had been sexually assaulted by her transgender inmate cell-mate, Petitioner stated:"I don't want to be raped again in my cell, and pursuant to PREA Law 28 CFR §115.42 (a),(e),(f) and Farmer v. Brennan, you need to give me serious consider ations, and if anything happens to me, that is deliberate indifference to my Health and safety" C.S. Ritchie, said: "I don't give a fuck about your Health and safety, and you aint got nothing coming from me, you piece of shit". He then Shoved other inmates he stole her candy bars, and ate them. He said "thank you fly" her candy bars were missing, as was her sweat-shirts/pants, make-up, razors, and Handle Petitioners Hygiene, shampoos, conditioners, soaps, legue supplies, and other items were missing as well. After CO. A. Ritchie co-worker/associate/teammate/friend found Petitioner wrongfully Arbography guilty of threatening bodily harm upon inmate Brennan, officials again attempted to place this dangerous sex offender in Petitioners cell, though they both had bottom bunk Medical Duty Status restrictions, then later placed the two into a recreation cage, acting in deliberate indifference to both of the inmates Health and safety, in violation of the Eighth Amendment under Farmer v. Brennan, as they did and said Petitioner would essentially kill, rape, and be disruptive, by doing this to inmate Brennan, found her guilty, and Ignored that, to make it happen, or more likely, they well knew the disciplinary action was falsely alleged, and violated due process, and used this to transfer Petitioner back to USP YAZOO, where staff abused, and tried to kill Petitioner. This resulted in a domino effect of falsely alleged incident reports, for code 203, and 305,304,307, and 224 and 201, and others in which were falsely alleged, never Happened, and were associated with staff assaults upon Petitioner to cover them all up. This denied due process in violation of the 5th Amendment of the US constitution.

26

Ground Twenty Four: Denial of Due Process in Illegally Executing an Unauthorized Punishment. The BoP Illegally placed Illegally Unconstitutional Unauthorized Punishments of "Walsh Act" Identification to Deprive Email to Legal Advocates, "Sex Offender" Public Safety Factor to Raise Custody Level, and to deny Early Release by denying Programs Essential to Petitioners First Step Act Requirements. Respondents have illegally deprived medically necessary gender affirming treatments and surgeries in violation of the US Constitution.

(a) Supporting Facts:

The Respondents have Illegally unconstitutionally placed Petitioner under additional unauthorized restraints, by placing a "Walsh Act" Notification to Incite Prejudice upon Petitioner. "Walsh Act" Requires a Minor to be involved in Petitioners offense. There were no minors involved in Petitioners case, it is not a Walsh Act offense. Due to this, Petitioner is being deprived her Medically Necessary Treatments, Programming for First Step Act Early Release, and Email, Correspondence through Trulincs, while similarly situated inmates are provided this, Even those with cases involving a minor. This has also resulted in an unauthorized Public safety Factor of "Sex offender" which USSG § 5D1.2 cmt.N.L clearly states a "sex offense" is an offense perpetrated upon a minor. I.D, and a "minor" is a person who has not attained age of 18. I.A, This has prejudiced Petitioner(ing) by a quantum increase in the level of custody, from a minimum/low custody level to a High, and from a time served sentence, to one that is not only Maximum Sentence Authorized by Law, but an additional Life Sentence of Supervision, which is not authorized for Petitioners statutorily defective and uncharged offense, which no minors were involved. This has further prejudiced Petitioner by a breach of Plea contract which was tortured and coerced upon her. Petitioner was promised by her defense counsel that none of these things would apply to her case, and she could go home time served, the torture would stop, and be able to get her gender affirming care and maybe do a year or two of supervision. Petitioner is further prejudiced by being deprived gender affirming Programming available by the First Step Act to reduce sentence and provide an early release from prison. This further Has Prejudiced Petitioner by BoP depriving her of Medically Necessary Gender Affirming Treatments, Medications, Accommodations, Housing Assignments, and surgeries, Then further prejudicing Petitioner by failing to place her in a female institution, to attend the Resolve Program for Her Rape Trauma syndrome, a complex form of Post Traumatic Stress Disorder, due to BoP's forcing Petitioner to be raped by 75 separate biologically born male inmates, and multiple staff members. This intentional infliction of emotional distress, sexual/physical assaults, sexual abuse, forced prostitution/sexual slavery, sexual harassment, and denial of care, due to not being properly in a female institution violates The 5th, 8th, and 13th, and 14th Amendments to the U.S. Constitution, by denying due process, Equal Protections, and inflicting cruel and unusual punishments upon Petitioner, Petitioner is further being deprived Email Access to Legal Advocacies, and Gender Affirming Advocacies, and Religious Advocacies, to address the foregoing issues, Petitioners Actual Innocence Appeals, and civil rights litigations. Petitioner is further being prejudiced by being placed into a Maximum security sex offender Facility to be Raped and victimized, tortured, extorted, beat, and harassed in violation of the 5th and 8th Amendments. Petitioner is being denied cosmetology school and gender correction surgery in violation of the 5th, 14th and 8th Amendments, due to BoP's discrimination and Illegal blanket Policies, Simply because Petitioner is at a Male Facility, and/or because Falsely Alleged Disciplinary Sanctions to cover up BoP's abuse upon Petitioner in Violation of 5th, 8th, and 14th Amendments.

GROUND TWENTY-TWO: BOP'S ILLEGAL EXECUTION OF SENTENCE IN VIOLATION OF THE PRISON RAPE ELIMINATION ACT UNDER 42 U.S.C. § 15607, "THE STATUTE FURTHER REQUIRED THAT THE REGULATIONS WOULD BE BINDING UPON THE FEDERAL BUREAU OF PRISONS" (BOP PROGRAM STATEMENT 5324.12 - JUNE 4, 2015). BOP DUTIES PURSUANT TO 18 USC § 4042 (A), (2), (3) REQUIRE IT TO PROVIDE "SAFEKEEPING, ID AND "PROTECTION" OF PETITIONER, PURSUANT TO 28 CFR §§ 115.6, 115.15 (A), (d), (e), 115.42 (A), (c), (e), (f), AND THE EIGHTH AMENDMENT PURSUANT TO FARMER V. BRENNAN, 511 US, 825 (1994).

PETITIONER ASSERTS RESPONDENTS HAVE REPEATEDLY FORCED RAPE ON HER TO TORTURE HER IN VIOLATION OF THE UN CONVENTION AGAINST TORTURE AND CONVENTION AGAINST DISCRIMINATION AGAINST ALL WOMEN, AND THE FIFTH AND EIGHTH AMENDMENT, WITH INTENT TO DENY HER ACCESS AND EQUAL PROTECTIONS BY INFLICTING CRUEL AND UNUSUAL PUNISHMENTS TO EFFECT THE OUTCOME OF PETITIONER'S WRIT OF HABEAS CORPUS AND CIVIL RIGHTS PROCEEDINGS. THE PREA IS NOT AVAILABLE IN BIVENS OR 28 USC § 2255, AND ONLY AVAILABLE IN 18 USC § 2241 AS THE RESPONDENTS FAIL TO DO THEIR JOB IN VIOLATION OF 5 USC § 702, 704, 706 AND THE CIVIL RIGHTS OF INTERNATIONAL PERSONS, AS ASSERTED.

(A) SUPPORTING FACTS: BY REPEATEDLY EXECUTING THEIR SENTENCE UPON PETITIONER TO BE RAPED, THE RESPONDENTS ARE ILLEGALLY EXECUTING THEIR SENTENCE BY TRANSFERRING HER ROUGHLY TO MALE FACILITIES TO BE RAPED, FORCING RAPE UPON PETITIONER, THEN BEAT, ASSAULTED, SEXUALLY HARASSED, SEXUALLY MUTILATED, GETTING RAPED ENROUTE, THEN BEAT, ASSAULTED, SEXUALLY BIOLOGICALLY BORN MALE AND FORCED INTO CELLS TO BE RAPED, NOW BY #6 SEPARATE INCIDENT INMATES AND SEVERAL STAFF MEMBERS, WHO THEN ISSUE FALSELY ALLEGED INCIDENT REPORTS TO COVER UP THE ABUSE. BOP IS VIOLATING THE LAW AND CONSTITUTION, PREA IS NOT AVAILABLE IN A 42 USC § 1983 ACTION/BIVENS, AND THERE IS NO ADEQUATE REMEDY AT LAW, AS BIVENS IS INADEQUATE OR UNAVAILABLE, THUS, THE WRITER HABEAS CORPUS PURSUANT TO 28 USC § 2241 IS THE ONLY REMEDY TO CHALLENGE THE ALSO UNAVAILABLE, AND THIS IS THE ONLY AVAILABLE REMEDY TO CHALLENGE THE EXECUTION OF HER SENTENCE, AS SHOWN IN Nash v. Warden Oklahoma Transfer Ctr. (Challenge the BOP's Execution No. CIV-20-160-F, 2020 WL 3980656 10 at *2 (W.D. Okla, Apr. 29, 2020) her enduring Repeated rapes of her sentence, in that BOP's placement of her has Resulted in her extreme vulnerability to victimization and sexual assaults, and that the BOP cannot address Nash's extreme correctional officer convicted of (...TRD) (where Miss Nash had been Raped 135 times, and Respondents BOP officials raping her, in violation of the U.S. constitution) BOP officials sexually raping her in violation of the U.S. CONSTITUTION) sexually BORN MALE have illegally forced petitioner in locked cells with biologically BORN MALE VIOLENT INMATES TO INCITE RAPE UPON PETITIONER, all in VIOLATION OF the PRISON RAPE ELIMINATION ACT AND THE U.S. CONSTITUTION PURSUANT TO THE 5TH AND 8TH AMENDMENTS and THE ADMINISTRATIVE PROCEDURES ACT UNDER 5 USC §§ 702, 704, 706, and ARIZONA and UNITED STATES VULNERABLE ADULT LAWS, and THE UN'S CONVENTION AGAINST TORTURE and CONVENTION AGAINST DISCRIMINATION AGAINST ALL WOMEN, and THE UNIVERSE DECLARATION ON HUMAN RIGHTS, and THE BOP has FALLEN UNDER 18 USC § 4042 (A), (2), (3). BOP OFFICIALS SEXUALLY MUTILATED PETITIONER and POLICY UNDER PROGRAM STATEMENT 5324.12. BOP OFFICIALS SEXUALLY MUTILATED PETITIONER IN AROUND MARCH 2021 BY SHOOTING HER AT POINT BLANK RANGE BY PLACING GUN ON HER GENITALIA, and FIRING IT ON HER, WITH HIGH IMPACT PROJECTILES, THEN FORCIBLE ILLEGALLY PERFORMED A CROSS GENDER REMOVAL OF ALL CLOTHING, INCITING OR EXACERBATING PETITIONER'S RAPE TRAUMA SYNDROME IN VIOLATION OF 28 CFR § 115.15 (A), (C), and the 8TH AMENDMENT, and VULNERABLE ADULT LAWS, THEN ON MAY 24, 2021 BOP OFFICIALS FORCIBLY SLAMMED PETITIONER'S head FIRST INTO A BLOCK WALL, and CONCRETE FLIPPED UPSIDE DOWN, PILE DRIVING HER head FIRST INTO a BLOCK WALL CORNER, and SPINE/BACK, FLOOR, THEN JUMPED KNEES FIRST UPON her, BREAKING her CLAVICLE, and SPINE/BACK, THEN TOLD HER TO "DROP YOUR LAWSUIT" and "REMOVE DOCTOR STEVENS FROM YOUR LAWSUIT" ON OCTOBER 14, 2021, PETITIONER THIS VIOLATED THE 4TH, 5TH, 7TH, 8TH, and 14TH AMENDMENTS, ON OCTOBER 24, 2021, SHE WAS WAS SLAMMED HEAD FIRST INTO A BUS, UPON DEBOARDING A PLANE ON OCTOBER 24, 2021, THEN SHE SLAMMED HEAD FIRST INTO FLOOR, BEAT UNTIL HAVING AN OUT OF BODY EXPERIENCE, THEN SHE WAS PLACED IN A TORTURE CHAIR, and SEXUALLY MUTILATED by CUTTING DEEP INTO her BREASTS by a TORTURE CHAIR. SHE WAS BEAT and TORTURED FOR AROUND 26 HOURS, THEN FOR SIX DAYS, by NOR DE-CONTAMINATING her OF CHEMICAL AGENTS ON her BODY, THEN FORCED her IN A CELL WHERE THEY WATCHED HER GET BEAT, LEFT HER IN THERE, TO BE BEAT MORE, THEN ON DECEMBER 4, 2021, FORCED her IN A KNOWN SEXUALLY VIOLENT PREDATOR TO BE RAPED DAILY THROUGH DECEMBER 29, 2021.

29 (a)

BOP OFFICIALS LEFT PETITIONER IN A CELL WITH Ray L, Bryant TO BE REPEATEDLY RAPED, EVEN THOUGH PETITIONER INFORMED EVERY STAFF MEMBER THAT PASSED BY HER CELL, That SHE was going THROUGH THE CONTINUOUS TORTURE OF BEING RAPED EVERYDAY. The BOP OFFICIALS FAILED TO ACT AND FAILED TO PROTECT HER IN VIOLATION OF THE The U.S, CONSTITUTION, UNDER THE 5Th, 8Th, 13Th AND 14Th AMENDMENTS, BOP OFFICIALS REFUSED TO EXTRACT PETITIONER FOR HER HEALTH AND SAFETY. IN VIOLATION OF BOP'S OWN POLICY PURSUANT TO PROGRAM STATEMENT § 5324.12 UNDER THE PRISON RAPE ELIMINATION ACT, PURSUANT TO; 28 CFR. § 115.61, 115.62, 115.64, 115.65, 115.67, 115.72, This FURTHER Violates THE 5Th, 8Th, AND 13Th, AND 14Th AMENDMENT TO THE US CONSTITUTION AND THE CONVENTION AGAINST TORTURE. THE RESPONDENTS ARE CLEARLY ON NOTICE SINCE FARMER V. BRENNAN, 611 US 825 (1994) WAS RULED ON THEM, AFTER BOP ALLOWED A TRANSSEXUAL TO BE BEAT, RAPED, AND SUBJECTED TO INFECTION OF DEADLY MALADIES, SUCH AS HIV, PETITIONER OBTAINED NEWLY DISCOVERED EVIDENCE IN REGARDS TO THE FOREGOING, NURSE J. WILLIAMS STATED THAT HE RECALLS, THAT UPON PETITIONER INFORMING HIM THAT SHE WAS BEING RAPED EVERYDAY IN HER CELL That THE EXECUTIVE STAFF INCLUDING THE 5th LIEUTENANT, CAPTAIN, ASSOCIATE WARDEN AND WARDEN, ALL INFORMED HIM UNDER DIRECT ORDERS TO LEAVE PETITIONER IN THE CELL TO CONTINUE BEING RAPED, This CONFIRMATION WAS IN THE PRESENCE OF KEITH RANIERE, AND SUPPORTED BY AFFIDAVIT OR declaration. This is SIGNIFICANT — CIRCUMSTANTIAL EVIDENCE, PROVING ABSOLUTE MALICE, THE RESPONDENTS HAVE CLEARLY ACTED WITH SADISTIC AND MALICIOUS EVIL INTENT TO DO HARM UPON PETITIONER, — IN EXECUTING HER SENTENCE ILLEGALLY, IN VIOLATION OF THE U.S. CONSTITUTION, THE RESPONDENTS HAVE LIED UNDER PENALTY OF PERJURY, TO COMMIT A FRAUD UPON THE COURT, ACTING IN A CONSPIRACY TO DEPRIVE RIGHTS, AND FORCE RAPE, SEXUAL PHYSICAL ASSAULTS, ABUSE, AND SEXUAL HARASSMENT UPON PETITIONER TO COVER UP RAPE, DISSUADE PETITIONER FROM HER HABEAS CORPUS, CIVIL RIGHTS, AND ADMINISTRATIVE REMEDY PROCEEDINGS, WITH INTENT TO HINDER THE DUE ADMINISTRATION OF JUSTICE, AND AN INVESTIGATION BY A FEDERATE JUDGE IN VIOLATION OF 18 USC §§ 1503 AND 1512. BY SEXUALLY ABUSING PETITIONER IN VIOLATION OF 18 USC §§ 2241, 2242, 2243, PETITIONER IS ACTUALLY INNOCENT AND BEING ILLEGALLY HARMED BY THE RESPONDENTS. THE RESPONDENTS ILLEGALLY HAVE ILLEGALLY DELAYED, DENIED, OR INTERFERED WITH PETITIONER'S MEDICAL TREATMENTS ONCE PRESCRIBED, WITH INTENT TO EXECUTE THE DEATH PENALTY UPON PETITIONER BY HOMICIDE OR INFLICTING WITH HIV/AIDS, OR BY INTENTIONALLY INFLICTING EMOTIONAL DISTRESS TO INDUCE SUICIDE UPON PETITIONER. PETITIONER'S CUSTODY AND SENTENCE ARE BEING ILLEGALLY EXECUTED AND SHE SHOULD BE IMMEDIATELY UNCONDITIONALLY RELEASED FROM HER ILLEGAL CUSTODY,

Ground Twenty-Six: Illegal Execution of Sentence, Repeated and Virtually Perpetual Placements in the Special Housing Unit, Administrative Segregation, or other Segregation, in Retaliation for, Reporting Violations of the Prison Rape Elimination Act, Filing Civil Rights and Habeas Corpus Litigations, and Staff Misconduct, and other Administrative Remedies, The Respondents BoP, Uses SHU to Force Rape Upon Petitioner, to Torture her, and Violently Assault her to disuade her from Reporting their Abuse to The Courts, and to Force her into Sexual Servitude, while Igneling her Prescribed "Single Cell" Accommodations by Dr. Bruce Bialor, MD, and Dr. Brian Redondo, MD, in Deliberate Indifference to Her Health and Safety, By Being Raped daily, in Her Cell, in Violation of the 1st, 4th, 5th, 6th, 7th, 8th, 13th, and 14th Amendments of the US Constitution. Respondents Have used SHU to deny Access to Courts and Law Libraries, and Maliciously Force Petitioner into Sexual Slavery, with intent to Sadistically Petitioner is deprived Programming under the First Step Act and Cary Release.

## (A) Supporting Facts:

The Respondents BoP Have Repeatedly Virtually Perpetually Placed Petitioner in the Special Housing Unit (SHU) to Abuse her, Illegally and Unconstitutionally in Violation of the 1st, 4th, 5th, 6th, 7th, 8th, 13th and 14th Amendments to the US Constitution, Petitioner has been Raped by 75 Separate Biologically Born Male Inmates and several Staff Members, The BoP Officials have Forced Petitioner into Cells in SHU, where she is in a Cell, Locked up For Long Periods of 23 Hours at a time. BoP Staff Force Petitioner in Cells with Violent and dangerous Sexually Violent Staff Male Per day, Sometimes 24 Hours a day, For Months at a time. BoP Staff That She was being Raped daily, She was Left in the Cell in deliberate indifference really Born Male Inmates, to be Raped daily, Then when She Informed Biolog- to her Health and Safety, When She told Lt. Johnson, He stated "Stop Fucking with my Staff Fly, Your in My World Now, Learn to Fuck or Fight" Petitioner was Left in the Cell to be Raped, For 30 additional days, while Locked in the Cell, Petitioner Subsequently at a Later date, was Forced into a cell to be Raped, and Raped was Raped, Notified Staff on Several Shifts over an 18 plus Hour Period, During her Rape Kit at again, only Being Finally Removed to attend Recreation, For her Isolation For her The Hospital, The Physician Psychiatrist Prescribed Single cell Accommodations by Dr. Health and Safety, Petitioner was Prescribed Single cell Accommodations upon His Gynecological Bruce Bialor on December 4, 2019 For Petitioners Health and Safety. Exam- Examination, where He Found her Genitalia "Looked like Labia Majora" I.D. I See Doc. 14-1 Page 2, Case No. 4:21-cv-00556-TUC (BHK) Petitioner was again Prescribed Single cell Accommodations For her Health and Safety in 2020, To Prevent Rape, Assault Suicide, or Homicide upon Petitioner. The BoP has since Forced her In Mental Stability while in Single cell. Petitioner Informed Staff She was Into Cells to be Raped, In December 2021 Nurse J. Williams said The Executive Being Raped in her Cell By Roy L. Bryant, told him to Leave Petitioner to by Staff, Warden, Captain, et.al. told him to leave Petitioner. In December 21-29, 2021, She was Raped, She continued to be Raped daily. In September 2022, Petitioner to SHU Staff She Raped daily, In August 2022 Through September 2022, Petitioner was Raped daily. was Being Assaulted Brown Bannec Hospital, and Suicide Watch, after Edwin Texidor Upon Returning, She was Placed in a cell with celebrity sex cult Nunez Raped her. As BoP Staff Enjoy Rape Upon Petitioner as Leader Keith Raniere, Entertainment, in Violation of the 5th and 8th Amend- a Sadistic Form of ment of US Constitution

GROUND TWENTY-SEVEN: ILLEGAL EXECUTION OF SENTENCE by RETENTATIVE TRANSFERS to Male facilities to be RAPED IN VIOLATION OF 18 USC §§ 2421(a), 2241, 2242, 2243, 2246, and The PRISON RAPE ELIMINATION Act PURSUANT TO 28 CFR §§ 115.6, 115.15 (a), (b), (c), 115.42 (a), (c), (e), 115.61, 115.62, 115.04, 115.65, U.S.C.7; 115.72; The CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS Act; THE MANN Act; ARIZONA VULNERABLE ADULT Law, UNITED STATES VULNERABLE ADULT Law, the UN; CONVENTION AGAINST TORTURE; The CONVENTION ON DISCRIMINATION against ALL WOMEN; The U.S. CONSTITUTION PURSUANT TO AMENDMENTS 1, 4, 5, 6, 7, 8, 13, AND 14; The CIVIL RIGHTS ACT of 1964 PURSUANT To BOSTOCK V. CLAYTON CTY, 140 S.Ct. 1731, (Fed. 1742 (2020); The RELIGIOUS FREEDOMS RESTORATION Act (RFRA), The RELIGIOUS LAND USE OF INSTITUTIONALIZED PERSONS Act (RLUIPA); The UNIVERSAL DECLARATION ON HUMAN RIGHTS; The GENEVA CONVENTION; The Nelson Mandela RULE; the ADMINISTRATIVE PROCEDURES Act PURSUANT TO 5 USC §§ 702, 706) and FARMER V. BRENNAN, 511 US 825 (1994), Estelle V. GAMBLE, 411 US 97, 103-108 (1976); And 7th CIRCUIT COURT OF APPEALS ORDER OF December 27 2022 (RECOMMENDING to PLACE ON FEMALE INSTITUTIONS FOR PETITIONERS SAFETY PURSUANT TO PREA: 28 CFR §§ U.S. 42 (C)(E), WHICH RESPONDENTS HAVE IGNORED.

(a) SUPPORTING FACTS: Have ILLEGALLY USED TRANSFERS TO DENY The RESPONDENTS BOP AND US MARSHAL SERVICE Have ILLEGALLY USED TRANSFERS TO DENY DUE PROCESS, DENY MEDICALLY NECESSARY TREATMENTS, CARE, MEDICATIONS, SURGERIES, AND ACCOMMODATIONS; TO ILLEGALLY INTERFERE WITH The DUE ADMINISTRATION OF JUSTICE, IN COURT PROCEEDINGS, INCLUDING PRE-TRIAL AND POST CONVICTION APPEALS, Habeas CORPUS, AND CIVIL RIGHTS LITIGATIONS, AND TO INTERFERE WITH AN INVESTIGATION by A FEDERAL JUDGE; IN VIOLATION OF 18 USC §§ 1503, 1510, 1512, AND The RICO Act, The RESPONDENTS HAVE ILLEGALLY TRANSFERRED PETITIONER To Male FACILITIES to be RAPED, IN VIOLATION OF IN VIOLATION OF The PRISON RAPE ELIMINATION Act to ILLEGALLY TRANSFER PETITIONER IN VIOLATION 28 CFR, § 115.42 (a), (c), (e). AND ARE NOW ATTEMPTING TO, AS They PREVIOUSLY did IN PETITIONERS OF FEDERAL RULES OF APPELLATE PROCEDURE RULE 23, The RESPONDENTS HAVE DENIED DUE PROCESS PREVIOUS Habeas TO DENY DUE PROCESS UPON her. The RESPONDENTS HAVE DENIED DUE PROCESS By LYING ON INCIDENT REPORTS TO COVER UP Their RAPE, ASSAULT, TORTURE, AND OTHER ABUSE UPON PETITIONER, AND LIE TO the COURTS STATING PETITIONER COMMITTED AN OFFENSE, WHEN IN FACT AND TRUTH, She did NOT. DURING PETITIONERS PRE-TRIAL PROCEEDINGS, She WAS REPEATEDLY ILLEGALLY TRANSFERRED TO DUE PROCESS, CONSTRUCTIVELY DENY LEGAL DEFENSE COUNSEL, By TRANSFERRING PETITIONER TO DIFFERENT STATES, OR WHAT AMOUNTS TO A 16 HOUR TRIP FOR HER LEGAL COUNSEL TO VISIT, OR, He FAILED TO DO SO, AS DISCUSSED IN PETITIONERS LETTERS TO The COURT, AND SUBSEQUENT STATUS CONFERENCE HEARING IN REGARDS TO THIS, AND The DENIAL OF PETITIONERS MEDICAL TREATMENTS FOR HER INTENSELY RELATED CONDITIONS INCLUDING GENDER DYSPHORIA, WHERE, The RESPONDENTS, INTENTIONALLY TRANSFERRED HER AWAY FROM THE SPECIALIST ENDOCRINOLOGIST, TO DEPRIVE HER OF MEDICALLY NECESSARY GENDER AFFIRMING TREATMENTS, INCLUDING HORMONE REPLACEMENT therapy, THAT They EXECUTED A FRAUD UPON THE COURT, By PROMISING THE COURT AN September 27 2016 at The DETENTION HEARING TO PROVIDE to HER, THEN TOLD the JAILS AND THEIR MEDICAL STAFF, NOT TO PROVIDE IT, TO INTENTIONALLY INFLICT EMOTIONAL DISTRESS UPON PETITIONER, WITH INTENT TO TORTURE HER INTO A PLEA AGREEMENT TO A NON EXISTENT OFFENSE, AND SEVERELY INTERFERE WITH THE PROCEEDINGS TO DENY DUE PROCESS EQUAL PROTECTIONS, AND A FAIR UNBIASED TRIBUNAL, THROUGH INFLICTION OF CRUEL AND UNEQUAL PUNISHMENT. PETITIONER ASSERTS, RESPONDENTS HAVE CONTINUED THIS ILLEGAL MIS-CONDUCT, RESULTING IN PREJUDICE UPON her, by A WRONGFUL CONVICTION AND SENTENCE, She IS ACTUALLY INNOCENT OF, SEVERAL WRONGFUL DISMISSALS OF Habeas, APPEALS AND CIVIL RIGHTS LITIGATIONS, She FURTHER ASSERTS, They HAVE NOW CARRIED ON WITH THESE SAME ILLEGAL METHODS, By COMMITTING A FRAUD UPON The COURT TO The US DISTRICT OF ARIZONA, IN CIVIL Case No. 4:21-CV-00508-TUC-SHR, TO ILLEGALLY INTERFERE WITH THAT CASE, AND HAVE RECENTLY ALLOWED HER MEDICALLY NECESSARY TREATMENTS, ACCOMMODATIONS, CARE AND MEDICATIONS TO EXPIRE WITHOUT RENEWING THEM, TO INTENTIONALLY INFLICT EMOTIONAL DISTRESS AND INDUCE HOMICIDE, AND/OR SUICIDE, AND/OR HOMICIDE THROUGH SUICIDE UPON HER, WITH INTENT TO ILLEGALLY TRANSFER HER TO DEPRIVE TREATMENT AND KILL HER, TO INTERFERE WITH The DUE ADMINISTRATION OF JUSTICE IN VIOLATION OF 18 USC § 1503 AND 18 USC § 1512 IN The INSTANT Case AND BOTH The Habeas AND CIVIL RIGHTS LITIGATIONS,

The Respondents have illegally unconstitutionally used transfers upon petitioner to intentionally do severe harm, injury, and, murder upon her, and further incite rape, and assault upon her. The Respondents have intentionally unconstitutionally illegaly transferred and/or placed petitioner in violently active gang run, biologicaly born male non-protective custody facilities, to incite murder and assault upon petitioner. The Respondents then transferred petitioner to protective custody biologically born male facilities to incite rape upon petitioner, then in response and retaliation for reporting rape, and other violence by staff member respondents, petitioner's filing of civil action and habeas corpus. The respondents intentionally sent petitioner to the known most dangerously violent active gang member biologicaly born male facility non-protective custody facility, in the region, in Florence Colorado, to kill petitioner as they did to further obstruct justice and interfere with petitioners previous habeas and civil rights litigations, as evident upon multiple staff members, including Lt. Murphy, Lt. Arriola, Lt. Rios, and others, who violently assaulted petitioner for requesting they stop misgendering her, in response, while in rear arm restraints and leg irons, petitioner was slammed head first into a block wall on concrete floor. Petitioner side down and slammed into the corner of block wall and spine, large men jumped knees first onto her back, legs, and arms, while Lt. Murphy pushed violently down on petitioners head and neck to break it. Then Lt. Garduno, threatened petitioner, and "drop your lawsuits," sustained an untreated broken clavical and spine. Then Lt. Arriola told her to "stop filing PREA reports," then Lt. Arriola said "I'm tired of your shit, I had to deal with your PREA reports for three months at Oklahoma City," and "drop your habeas case," and Lt. Rios, Lt. Murphy, and Lt. Arriola told her her to "remove doctor Stevens from your lawsuit," this resulted as with others, he was transferred to another facility Stevens, this resulted in prejudice by dismissals of those cases. Petitioner was then told by Lt. Arriola that she would be transferred to USP Tucson, the most dangerous sex offender facility in BOP, eventhough she did not have the points or custody level. Lt. Arriola assured petitioner he acted in a conspiracy to deny rights, and spoke to his "friend" who is the warden at Tucson, and his friend who is at DSCC (designation sentence computation center) and petitioner would go there. She was informed by petitioner that she complained that she could not go there, Lt. Arriola was informed by petitioner that she would be raped, Arriola said "good, you should be used to it by now. Stop filing PREA complaints." Petitioner told warden Cicaster, that they needed to ask the court for permission per Fed. R. App. P. 23, she told petitioner that she will be raped. Warden Carter said she did not "give a fuck," petitioner was again about the warrants, restraining orders." Later, and petitioner said she will be transferred and raped again. Lt. Garduno stated that he knew the captain where petitioner was going and "it's not going to be good," for petitioner there (USP Tucson). Upon deboarding plane she was slammed head first into a bus. Then at USP Tucson, beat severely for requesting her legal work, habeas/civil rights papers. Then placed in a torture chair to torture, beat, sexually mutilate, and assault petitioner. Then lied on incident reports, forced in a cell to watch her be assaulted, then forced her in a cell to be raped by a sexual predator, and left her in the cell after being notified, for nine days. Now they have further acted to interfere with case No. 4:21-cv-00506-TUC-SHR (D. AZ), after a fraud upon that court. They let her medications expire, denied beard trimmers, hair removal, stole her bras and panties, intentionally misgender her, and force male on her, and deprive her of two spirit Native American Jewish observance includeing passover, to sexualy harass and inflict cruel and unusual punishments and transfer

306

Petitioner to another very dangerous facility to have her raped, assaulted, or killed. They already recommended her transfer to the special management unit (SMU); where warden Thomas Bergami was, and who previously abused petitioner, illegally took all of her legal papers destined for court to interfere with court proceedings in case No. 20-13962-RMB-AMD and civ. No. 21-9896-RMB-AMD (Conso.); and forcing a transfer to hinder with that litigation and others. Petitioner informed him that she would continue to be raped if placed in another male facility in violation of PREA 28 CFR § 115.42 (c),(e), and the Eighth Amendment pursuant to Farmer v. Brennan, and Cameron v. Menard, and Monroe v. Baldwin. Warden Bergami said: "I don't give a god damned dog shits rats ass about deliberate indifference to your health and safety, or Farmer versus Brennan, or your Eighth Amendment rights, or that your a fucking hermaphrodite or intersex person, I'm going to transfer your ass to a male facility, and I don't give a fuck if your going to be raped again, by my doing so". Then He said: "And I'm going to come in there and take all your shit" (= petitioners court papers). Petitioner was transferred from FCI Fairton to where she had single cell, lower bunk, lower level, shower in cell for health and safety, and female only visual and pat searches and escorts for petitioners health and safety, without any inappropriate incidents; to FCI Pekin. She was beat by USMS airlift and sexually assaulted on the tarmac by grabbing breast and genitals, then again at landing, then at FCI Pekin Lt. Fisher ordered that petitioner be shot in her genitalia. Fisher also stole 5 boxes of petitioners legal documents, sanitary maxipads, feminine clothing, hygiene, and cosmetics. Petitioner was sexually mutilated then upon petitioner filing a civil rights and habeas appeal, Fisher said: "your designated to be, even after all of their false incident reports, POY, it's going to be epic." (because petitioner would be beat or killed at FCI Florence) petitioner asserts, that she is now in imminent threat of further harm, injury, and/or death, and/or rape by Bob, USDOJ interns, or inmates incited by them, as they did at USP-Tucson, where petitioner still does not have the points to be, even after all of their false incident reports, The pending transfer to another male facility is illegal in violation of the Prison Rape Elimination Act 28 C.F.R. § 115.42 (c),(e) as petitioner is an intersex female, the seventh circuit told them so, and Farmer v. Brennan, 511 US 825 (1994) holds it to violate the Eighth Amendment of the U.S. Constitution, as shown in Cameron v. Menard

30-C

GROUND TWENTY-EIGHT: ILLEGAL EXECUTION OF UNAUTHORIZED PENALTY; OF CHILD BIRTH REPAYMENT, FOR A CHILD CONCEIVED IN NORTH DAKOTA, PRIOR TO ANY TRIPS IN INTERSTATE COMMERCE, PRIOR TO THE LEGITIMATE PURPOSE FOR THE TRIPS OF LEGITIMATE EMPLOYMENT PURPOSE, AND THE RESPONDENTS PROSECUTION ASSERTS, THE PETITIONER & HAD BEEN INTIMATE FOR YEARS WITH CANYA FLY, SHE BECAME ENCEINTE, AND &SHE TOOK HER TO ANOTHER STATE....INTENDING TO ADD CONTINUING LIBER RELATIONS WITH HER THERE. IT WAS HELD THAT SUCH PROOF WOULD NOT SUSTAIN THE CONVICTION", YODER V. UNITED STATES, 80 F. 2d 665, 670-72 (10TH CIR. 1935) CITING VAN PELT V. UNITED STATES, 240 F. 346, 349 (4TH CIR), THIS CAN ONLY BE PROSECUTED BY THE STATE, PETITIONER IS ACTUALLY INNOCENT OF THIS PENALTY, THE UNITED STATES HAS NO JURISDICTION AS A POTENTIAL RIGHTS OR SUPPORT CLAIM, THE UNITED STATES HAS NO JURISDICTION

(a) SUPPORTING FACTS:
PETITIONER IS BEING UNLAWFULLY FORCED TO PAY FOR A CHILD BIRTH, FOR A CHILD CONCEIVED OUTSIDE THE SCOPE OF THE CHARGED OFFENSE. THE U.S. DISTRICT COURT HAD NO JURISDICTION TO ORDER IT, AND IT IS A BREACH OF THE PLEA AGREEMENT, AS PETITIONER DID NOT AGREE TO PAY FOR A CHILD CONCEIVED AND BORN IN NORTH DAKOTA, WHERE PARTIES RESIDE, THE U.S. ATTORNEY'S OFFICE HAS ILLEGALLY COLLECTED FUNDS WITHOUT PETITIONERS PERMISSION, TO EVEN INCLUDE EXEMPT COVID-19 STIMULUS FUNDS, THIS INCLUDES A $1984.24 OFFSET BY THE U.S. DEPARTMENT OF THE TREASURY, ON DECEMBER 09, 2022, TOP TRACE NUMBER: 191849283 / ACCOUNT NUMBER: ND 2018A3777800L THIS RENDERS THE ILLEGALLY COERCED PLEA, UNKNOWING AND INVOLUNTARY, AS PETITIONER NEVER AGREED TO PAY FOR A CHILD BIRTH, OUTSIDE THE SCOPE OR JURISDICTION OF THE STATUTORILY UNCHARGED 18 USC §2421(a) INDICTMENT OR INFORMATION, IN WHICH THE RESPONDENTS PROSECUTION ADMITTED NEWLY DISCOVERED EVIDENCE IN THEIR RESPONSE BRIEF, IN PETITIONERS 28 USC §2255 PROCEEDING, BY THE U.S. JUDGE HOVLAND "the VICTIMS baby WAS NOT BORN UNTIL JANUARY 13, 2017", (Doc. 118, Page 17, LINE 6) THIS PROVES, THE CHILD, MASON FLY, WAS CONCEIVED IN NORTH DAKOTA PRIOR TO ANY OF ALLEGED TRIPS, AS PETITIONER WAS IN TRAINING FOR THE LEGITIMATE EMPLOYMENT PURPOSE FOR THE TRANSPORTATION OF AUTOMOBILES FOR A DRIVE-A-WAY COMPANY, AMERIFLEET, INC, THE CHILD MASON FLY WAS "CARRIED TO TERM". (DOC. 118, Page 15, LINE 4), WHICH IS 40 WEEKS OR 280 DAYS, MASON FLY WAS THERE FOR CONCEIVED IN NORTH DAKOTA ON OR ABOUT APRIL 8, 2016, CANYA FLY LEFT A YOUNG SINGLE ADULT RELIGIOUS CONFERENCE WITH A MAN SHE MET THERE, AND WENT MISSING FOR AN ENTIRE AFTERNOON. CANYA WAS FOUND WITH THE MAN AT THE HOLIDAY INN, IN MINOT, NORTH DAKOTA, THE EVENT WAS ON APRIL 8,9,10, 2016. PETITIONER WAS IN TRAINING FOR AMERIFLEET ON APRIL 7,8,9, 2016, THIS THEREFORE VIOLATES THE US CONSTITUTION PURSUANT TO THE 10TH AMENDMENT, AND THE FEDERALISM DOCTRINE, IN WHICH THE STATES HAVE SOVEREIGNTY, AND THE UNITED STATES CANNOT OVERSTEP THAT BOUNDARY, THE RESPONDENTS NEWLY PROFFERED EVIDENCE, PREVIOUSLY UNAVAILABLE, OR UNKNOWING TO PETITIONER DUE TO HER LEGAL COUNSELS DEFICIENT INEFFECTIVENESS IS ALSO FURTHER PROOF OF HER ACTUAL AND LEGAL INNOCENCE OF 18 USC §2421 (a) AS SHE HAD NO REASON TO TRAVEL FOR ANY SUCH SEXUAL CONDUCT, AS THIS PROVES SHE COULD DO SO AT HOME, AT THE RESIDENCE OF PETITIONER, IN NORTH DAKOTA AND THE RESPONDENTS VIOLATED THE 10TH AMENDMENT, AS DID THE BIAS U.S. DISTRICT JUDGE, IN ILLEGALLY CHARGING HER, FOR CONDUCT THAT THEY ADMIT OCCURRED IN NORTH DAKOTA, WHERE BOTH PARTIES RESIDE. FURTHER, RESPONDENTS ILLEGALLY PRESENTED THIS, WITHOUT FIRST PLACING IT IN PLEA, AND ONLY DID SO AFTER SENTENCING, PETITIONERS LEGAL COUNSEL PROMISED HER THAT NO CHILD BIRTH OR PREGNANCY WOULD BE DISCUSSED IF SHE SIGNED THE TORTURED COERCED, INDUCED UNKNOWING AND INVOLUNTARY PLEA, THIS IS A DENIAL OF DUE PROCESS, AND EQUAL PROTECTIONS, AND A CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE 5TH, 8TH, AND 14TH AMENDMENTS,

GROUND TWENTY-NINE: "ILLEGAL EXECUTION OF SENTENCE. DENIAL OF MEDICALLY NECESSARY TREATMENTS, CARE, PRESCRIPTIONS, ACCOMMODATIONS, PROCEDURES, AND SURGERIES, IN VIOLATION OF THE 5TH, 8TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION, THE ADMINISTRATIVE PROCEDURES ACT 5 USC. §§ 702, 704, AND 706 FOR ARBITRARY AND CAPRICIOUS ACTS BY GOVERNMENT OFFICIALS, TO INTERFER WITH PETITIONERS Habeas CORPUS AND CIVIL RIGHTS LITIGATIONS, BY TORTURING HER IN VIOLATION OF 18USC § 2340, AND INFLICTING CRUEL AND UNUSUAL PUNISHMENTS IN VIOLATION OF THE 8TH AMENDMENT, TO DENY DUE PROCESS AND EQUAL PROTECTIONS IN VIOLATION OF THE 5TH AND 14TH AMENDMENTS this VIOLATES Estelle V. Gamble, 411 US 97, 103-105 (1976)

(A) SUPPORTING FACTS:

The RESPONDENTS ARE ILLEGALLY UNCONSTITUTIONALLY ARE DEPRIVING PETITIONER OF HER PREVIOUSLY PRESCRIBED MEDICALLY NECESSARY TREATMENTS, by ARBITRARILY AND CAPRICIOUSLY ALLOWING THEM, TO EXPIRE AND FAILING TO RENEW THEM, WITH INTENT TO DENY DUE PROCESS AND INTERFER WITH COURT PROCEEDINGS. The RESPONDENTS HAVE ALSO ILLEGALLY UNCONSTITUTIONALLY DISCONTINUED MEDICALLY NECESSARY TREATMENTS, PRESCRIBED by SPECIALISTS, AND PLACED IN PETITIONERS MEDICAL RECORDS "I don't KNOW WHY" IN SUCH THINGS", because, THEY ARE NOT SPECIALISTS, AND ARE UNQUALIFIED TO TREAT CHANGE, DISCONTINUE, ARE ALLOW PETITIONERS MEDICATIONS TO ARBITRARILY EXPIRE, FURTHER, The RESPONDENTS HAVE ILLEGALLY INTERFERED, DENIED, OR DELAYED PETITIONERS, MEDICATIONS TO INTERFER WITH U.S. DISTRICT COURT CASE: 4:21-CV-00501-TUC-SHR TO DENY DUE PROCESS, INTENTIONALLY INFLICT EMOTIONAL DISTRESS, AND SEVER AMOUNTS OF INTERSEX RELATED GENDER DYSPHORIA. The RESPONDENTS ALLOWED PETITIONERS MEDICALLY NECESSARY HORMONE REPLACEMENT THERAPY TO EXPIRE, AND HAVE REFUSED TO RESTORE IT," JUST AS THEY DID TO ILLEGALLY INTERFER WITH PETITIONERS PRE-TRIAL PROCEEDINGS TO TORTURE HER INTO A PLEA, TO A STATUTORILY UNCHARGED OFFENSE, WITH A DEFECTIVE INDICTMENT, SHE IS ACTUALLY INNOCENT AND LEGALLY INNOCENT OF, YET LIED TO THE COURT AND STATED "THE HORMONE THERAPY HAS BEEN APPROVED, AND ITS ON ITS WAY, YOUR HONOR," AT DETENTION HEARING SEPTEMBER 22/2016 (Case No. 1:16-CR-0134-D,NA) AND IMMEDIATELY TELLING THE JAILS TO NOT PROVIDE IT TO HER, The RESPONDENTS CONTINUE TO USE THIS FORM OF TORTURE UPON PETITIONER TO DENY DUE PROCESS AND EQUAL PROTECTIONS, IN VIOLATION OF THE 5TH, 8TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION. The RESPONDENTS ARE FURTHER DEPRIVING PETITIONER OF DAILY HAIR REMOVAL, THAT IS MEDICALLY NECESSARY, AND PREVIOUSLY PROMISED TO HER IN THE EXHAUSTED REMEDY OF PETITIONER, No. 1024497-A1 PARAGRAPH 4, PETITIONER FURTHER EXHAUSTED SEXUAL ABUSE BY STAFF AND INMATES, TRANSFER TO A FEMALE FACILITY FOR HEALTH AND SAFETY, SINGLE CELL, AND/OR LIVING QUARTERS FOR RAYNADY, STAFF ILLEGALLY DISCONTINUING MEDICAL CARE, LOWER BUNK, LOWER LEVEL, SINGLE CELL, MAXI-PADS, MAKE UP, EXTRA LAYERS OF CLOTHES AND BLANKETS, LEGGINGS, FEMALE ONLY VISUAL AND PAT GENCHES AND ESCORTS AND HOUSING ASSIGNMENTS, LONG SLEEVES, ORTHOPEDIC RUNNING SHOES, LASER HAIR REMOVAL, AND ALL GENDER CORRECTION SURGERIES. These ISSUES Were ALL EXHAUSTED BY PETITIONER, AND THIS ALSO WAS A CONTRARY RESPONSE TO BOP'S WRITTEN POLICY IN REGARDS TO GENDER AFFIRMING SURGERIES, TO EFFECTUATE A BLANKET POLICY DENIAL, WHICH THE FEDERAL COURTS HELD TO VIOLATE THE 5TH, 8TH, AND 14TH AMENDMENTS, They HAD A RESPONSE That "GENDER AFFIRMING SURGERY IS CONSIDERED AFTER REAL LIFE EXPERIENCE IN YOUR PREFERRED GENDER THEREFORE, THE TRANSGENDER EXECUTIVE COUNSEL (TEC) REVIEWED YOU FOR TRANSFER TO A FEMALE FACILITY." THIS IS CONTRARY TO THE WPATH STANDARDS OF CARE, THE NINTH CIRCUIT HOLDS TO BE THE AUTHORITY, AND ALSO CONTRARY TO BOP'S OWN "MEDICAL MANAGEMENT OF TRANSGENDER INMATES" (December 2016) Page 10, SECTION 8 "STEPWISE APPROACH TO MEDICAL AND MENTAL HEALTH MANAGEMENT OF TG INDIVIDUALS" TABLE 2, SECTION 1, "IMPLEMENTATION/INITIATION OF REAL LIFE EXPERIENCE (RLE)", CLEARLY SHOWING THIS WAS ALREADY MET, AS HAS BEEN STAGE 7, BY THEIR OWN POLICY, WPATH SOC, AND PREA Law 28 CFR, 115 42 (C)(E), The RESPONDENTS ARE ALREADY CLEARLY ACTING IN A DISCRIMINATORY, ARBITRARY AND CAPRICIOUS DESIRE TO DO HARM UPON PETITIONER, AS SHE WAS REQUIRED TO BE PLACED IN A FEMALE FACILITY FOR MEDICALLY NECESSARY TREATMENTS, PROCEDURES, AND CARE, AND TO PREVENT SEXUAL ABUSE,

32

Ground Thirty: Denial of Due Process, by Ignoring the U.S. District Courts Orders, including the U.S. District of Arizona, Case No. 4:21-CV-00506-TUC-SHR, Doc. 40, V. (3), Even when Att. 3,4 are freely distributed to all other inmates upon Request, this is a violation of the courts order, and denies due process and equal Protections, and are an infliction of cruel and unusual punishments, in violation of the 1st, 5th, 8th, and 14th amendments, while petitioner has a right to redress and grievance the government, and access to the courts.

(a) Supporting Facts:

Petitioner asserts that Respondents are illegally disobeying the courts orders, and hindering petitioners access to the courts, ability to prosecute her non-frivolous claims, and properly defend against further fraud upon the court in petitioners legal matters. Petitioner has repeatedly requested Respondents to provide access to these documents, some of which petitioner previously held in her possession (Att. 3,4, medical and psychological records), which proved criminal activities and fraud upon the court, in petitioners pretrial proceedings. These prove denial of due process in petitioners pretrial proceedings and further prove, she was tortured into an unknowing and involuntary plea agreement, when she is actually and legally innocent of 18 USC § 2421 (a). The Respondents agent Lieutenant No Fisher illegally stoled them from her to interfere with the due administration of justice, and interfere with an investigation by a federal judge, in both petitioners habeas corpus, and also her civil rights litigations. The Respondents continue in their conspiracy to deny rights in violation of 18 USC §§ 241 and 242, and 1503, and 1512, by further depriving petitioner of these documents, and further forcing rape upon her, then destroying petitioners legal work, for reporting the rape. Petitioner did have some new ones issued to her, or her medical records, as they are freely provided to inmates upon request per policy, yet, Respondents, are attempting to cover up their illegal torture and abuse, since illegally arresting, incarcerating, prosecuting without any jurisdiction and convicting, without any jurisdiction, by torturing petitioner through her inherently related gender dysphoria, during petitioners pretrial proceedings, and now by allowing her hormone therapy to illegally expire, failing to provide, and concealing false, misleading, or altered records to deceive the court, in the instant proceedings, and civ. No. 4:21-cv-00506-tuc-shr. This is a denial of petitioners right to redress and grievance the government, denial of due process, denial of equal protections, through inflictions of cruel and unusual punishments in violation of the 1st, 5th, 8th, and 14th amendments to the U.S. Constitution.

Ground Thirty-One, Illegal Execution of Sentence by BOP, for Intentionally Transferring Petitioner to Terre Haute-USP, to be beat, Raped, and/or killed, Acting in a sadistic and malicious bare desire to do harm in deliberate indifference to her health and safety, The Respondents are fully aware inmate James Malady who was paid by officials at PCI Fairton to do a "Hit" on petitioner to kill her is there or was there; and Edwin Teador-Nunez, also was there, Her gang is there and at USP-Coleman and will kill petitioner on site, Respondents continue to ignore the Seventh Circuit Court of Appeals Order of December 27, 2022 See Exhibit ↑ (Gr. (4:21-CV-00501-SHR) while Acting in prejudice discriminatory bias, with intent to do sadistic and malicious harm in deliberate indifference to petitioners health and safety, in violation of Farmer v. Brennan, 511 US 825 (1994) (Transsexual knowingly transferred by BOP to force Rape and assault on her in violation of the Eighth Amendment); Cameron v. Howard, 2019 US Dist. Lexis 164487 (A.N.T. 2019) Taylor Dennison, 4127 F.3d M3-657 (8th Cir. 2020), Monroe v. Baldwin, 1/28 F. Supp. 3d 526 (S.D. Ill. 2019), In Re Bonner, 151 US 242 (1894), Humphrey v. Cady, 405 US 504 (1972), Meier v. Rodriguez, 4/1 US 475, 486 (C9 72), Bell v. Wolfish, 411 US 520 (1979), Ziglar v. Abbas, 2017 US Lexis 3874 (2017).

(a) Supporting Facts:

The Respondents, intend to transfer petitioner Illegally unconstitutionally to United States Penitentiary-Terre Haute. With intent to kill her, like they did to James "Whitey" Bulger (see Exhibit ↑ K. and Jeffry Epstein, USP-Terre Haute is known to be an extremely violent, dangerous, and deadly facility, especially for intersex and/or transgender and/or transsexual inmates with a Feminine Appearance, and is the facility featured in Farmer, supra (See Farmer) a Transsexual with a feminine appearance, Female secondary sex characteristics, and on Feminine hormones who attempted an auto-orchiectomy (Self-Castration), And had a Botched genital surgery, Just like petitioner. the Respondents in that case, just like in the instant case were fully on Notice, and acted in Deliberate Indifference to her health and safety by Illegally transferring her there, fully aware of the harm that would happen to her, this is the exact scenario with the instant case, Farmer was beat, Raped, and got AIDS, the Respondents have discontinued petitioners HIV/AIDS Prep Medications, Forced her to be Raped by 75 separate male inmates and multiple staff members, then Repeatedly transfer her illegally, to force her into sexual servitude, by transporting her in Interstate Commerce, to forcibly engage in illicit sexual activity, in violation of the Mann Act, in cohorts with US Marshals/JPATS airlift, who violently abuse, sexually assault, sexually Harass, and physically assault petitioner, to transport her, to deny due process, and interfere with court proceedings, including the instant case, and previous Habeas and Civil Rights Litigations, Respondents are Intentionally trying to force plaintiff to contract AIDS to kill her.

The Respondents have continuously Repeatedly transferred petitioner to interfer with court proceedings, resulting in dismissals, and a wrongful conviction in the instant offense, petitioner has exhausted her Administrative Remedies, filed "Emergency" "Imminent threat" PREA complaints pursuant to 28 CFR §115.52 C8 which the Respondents Repeatedly Ignore, petitioner has emailed Jenna Epplin, Dr. Jill Roth, Merrick Garland, the US DOJ-OIG, Kenneth Hyle, the Warden, and her Associate Wardens and unit Manager, and Psychology, and Health Services about this issue. The Respondents Ignore her pleas for Protection of her health and safety.

On December 27, 2022, the Seventh Circuit Court of Appeals placed them on Notice, in their order, "we trust that the Bureau of Prisons, in deciding where to transfer, appellant * Toni Fly, will give serious consideration to Fly's views with respect to her safety, and consider assigning her to a facility for female inmates consistent with Regulations enforcing the Prison Rape Elimination Act, 28 C.F.R. §§ 115.42 (c), (e)." I.D. (see Exhibit 6).

The Respondents Ignored the court and plaintiff, and act sadistic and malicious intent to do harm upon her, in deliberate indifference to her health and safety, denying due process, Equal protections in Bias And/or upon her intersex and/or transgender status, to inflict cruel and unusual punishment

34-A

The Respondents are now in Position for sexual assault by staff, and inmates who are Born Biologically Male. Petitioner has been raped, sexually Physically Assaulted by 75 separate Biologically Born Male inmates, and multiple staff members, on several occasions Respondents have left her Locked in a cell as much as 24 hours a day, to be Raped, After informing them, she was being Raped, Sexually/Physically Assaulted or Harassed on her cell. At PCI L Victorville, Lt. Johnson said: "stop Fucking with my staff or your in my world now, Learn to Fuck or Fight" when Informed she was being Raped in Fry, your in my world now, Learn to Fuck or Fight" when Informed she was being Raped in her cell, Petitioner was Raped For approximately 30 additional consecutive days, at USP Yazoo, Petitioner Notified staff, she did Not want to be Placed in a cell with anyone as she would likely be Raped, Then Forced her into a cell with an inmate Accused of sexually Attacking their previous cell mate, the Night Before, within minutes Petitioner was Raped, Then told Respondents staff, she was being Raped, staff ignored her verbal, and written Requests/PREA complaints to be Rescued and treated Medically, For an additional 18+ Hours Approximate. Then only Removed For Recreation, where she Demanded to be Treated, Then another 24 hours, she was Finally taken to the Hospital, where she was Prescribed Truvada, and Treated for sexually transmitted Diseases, the Doctor listed "Indications HIV Disease" and Prescribed her to be Isolated in a Single cell Alone, and to be Kept Separate From Males, as she would Attempt suicide, This Did occur, Due to several Subsequent Sexual Assaults. See Exhibit: H.

Petitioner, was Forced into a cell with sexually Violent Predator Ray Bryant, by Respondents on December 21-29, 2021, to be Raped, with Intent, and in Retaliation to do harm, and Deny Due Process, on Legal Actions.

The Respondents Left her in the cell to be Raped After telling Them

The Respondents Have Intentionally Transported Petitioner to Inflict Rape, Assault, Abuse, torture, and sexual Harassments, with intent to Interfere with Habeas and Civil Rights, Litigation, & Resulting in Dismissals.

The Respondents Illegally transferred Petitioner from a Protective custody Facility to a Non Protective custody Facility (PCI Florence) to have her Killed, Like "whitey" Belger, See Exhibit: K. Then to the Most Dangerous Sex offender Facility to be Raped, Due to this Misconduct, she was Beat, Raped, tortured, and Respondents attempted, and continue to attempt to Kill her, or Incite Violence, So, inmates will Rape and Kill her,

The Respondents have designated her to USP Terre Haute, to Force Rape Upon her, and severe Assaults, Then Deprive her Medical Care, and Induce Murder, or AIDS Infection to Kill her.

The Petitioner Does Not have High custody Points, to be at a Penitentiary, she had Minimum/Low Points at 8 or 9, The Respondents Illegally Screwed these to Place her in a USP. Yet still her Points are too Low, at 20!

Petitioner Should only be Placed in a Female Facility, For her Health and Safety, Consistent with the Prison Rape Elimination Act, the 5th, 8th, and 14th Amendments of the U.S. Constitution, to Prevent Further Serious Servitude in Violation of the 13th Amendment, to the U.S. Constitution,

Due to the Foregoing, Petitioner is Being Illegally Held, and the Respondents are Illegally Executing her Sentence in Violation of the Eighth Amendment, Arizona and Federal Vulnerable Adult Laws, The Convention Against torture, The Convention on Discrimination against all Women, the Universal Declaration on Human Rights, The Prison Rape Elimination Act, the Administrative Procedures Act 5 USC §§ 702, 704, etc., and Should be Immediately Released or Placed in a Female Facility For her Health and Safety.

6 Ground, Thirty-Two, Right to choose manner of execution or death sentence or penalty, or in the alternative Right to self terminate own life to prevent further lingering death & Estelle v. Gamble, 429 US 27,103-105 (1976), from Respondent's torture, and forced rape, and deprivation of medically necessary treatments, including hormone replacement therapy, and gender affirming surgeries, and by Respondents forcing petitioner to be male, when she is intersex and/or transgender female, see Doc. 14-1, page 2, 4:21-CV-00506-TUC-SHR, with genitalia that looks like "labia majora" to. This is a denial of our process and equal protection, through the infliction of cruel and unusual punishments, through forced sexual servitude, deprivation of medical treatments, and torture, through rape, assaults, and denial of care, and interfering with petitioners legal court process, to deny due process, in violation of State and Federal vulnerable adult laws, administrative procedures act, 18USC §§ 702, 704, 706; Amendments 5,8,13, and 14, of the US Constitution.

6a) Supporting Facts;

The Respondents continue to mistreat and torture petitioner, through her serious medical conditions, which has resulted in a lingering death, tantamount to a botched execution in the electric chair, in fact, the Respondents have repeatedly bothced the death penalty upon petitioner, many attempts at committing homicide and executing the death penalty upon petitioner. These attempts include: 1. Transferring petitioner repeatedly to male facilities to be raped, assaulted, or killed by inmates, who are biologically born males, and/or dangerous current or former dangerous gang members, and with intent to induce suicide, through the result of this abuse.

2. Transferring petitioner from a protective custody facility, to an active dangerous gang run non-protective custody facility, to be violently assaulted, and beat to death, like James "whitey" Bulger. See Exhibit K.

3. Respondents transferring petitioner repeatedly to beat, force rape, sexually mutilate, torture, and deny medical care upon her, in attempt to murder her for lodging PREA complaints and habeas corpus, and civil rights actions, then lying on disciplinary reports to deny due process in disciplinary proceeding, to lengthen her sentence, raise her custody level, place her in Shu (prison Shu), then transfer her again to repeat the process.

4. Respondents attempting to execute the death penalty in March 2021, October 29-30, 2021, and May 24, 2021. By brutally shooting her in her genitalia at point-blank range, slamming her head into a block wall under the brute force of approximately 10-15 large men, breaking her clavicle and back, then slamming her in pile driver fashion head first into corner wall/floor, with intent to do harm, and injury and homicide upon her for filing civil rights litigations in the District of New Jersey and central district of Illinois, and then threatened to remove defendants from those suits, including Dr. Morgan Stevens, Psyd. Followed by being tortured in a torture chamber, with pain so excruciating it has resulted in inmates dying or losing limbs (hands, arms), and inflicting such wanton pain for excessively long periods,

5. Respondents discontinuing petitioners Truvada HIV PREP medication in attempts to kill her through execution of a lingering death penalty sentence, carried out by forcing her to be raped by 75 separate inmates and staff to infect her with AIDS;

6. Forcing rape on petitioner, and inducing suicide attempts to prevent it again, see Exhibit A. Now by 75 separate inmates and staff,

7. Deprivation of medically necessary treatments, housing assignments, and surgeries, that are gender affirming, with intent to induce suicide,

8. Intentionally inflicting emotional distress to induce cardiac arrest or suicide;

Petitioner motions the court to either; 1. Execute petitioners death sentence by firing squad, or a lethal dose of medication; or 2. Allow petitioner to hang herself to completion without any interference by Respondents, and do not resuscitate her again. Please Note, 18 USC § 242(b) has a maximum penalty of 10 years imprisonment. Petitioner has been denied due process from the start, by prosecutorial misconduct, biassed judge, ineffective assistance, and torture. This is a violation of her constitutional rights. In the alternative, she seeks immediate release from the illegal custody.

35

GROUND THIRTY-THREE: ILLEGAL TRANSFER FROM USP TUCSON TO USP TERRE HAUTE, IN VIOLATION OF FEDERAL RULES OF APPELLATE PROCEDURE RULE 23, WITHOUT FIRST REQUESTING THE PERMISSION OF THE U.S. DISTRICT OF ARIZONA.

(a) SUPPORTING FACTS:

The RESPONDENTS ARE REQUIRED TO REQUEST PERMISSION FROM THIS COURT PRIOR TO ANY TRANSFER, AND HAVE FAILED TO DO SO, TO DENY DUE PROCESS, AND OBSTRUCT THE DUE ADMINISTRATION OF JUSTICE IN VIOLATION OF 18 USC § 1503, TO INTERFER WITH AN INVESTIGATION BY A FEDERAL JUDGE IN VIOLATION OF 18 USC § 1512.
    THE RESPONDENTS HAVE PREVIOUSLY DONE THIS, RESULTING IN PREJUDICE BY THE DISMISSAL OF PETITIONERS CASES.

GROUND THIRTY-FOUR: Failure to PROPERLY Execute a sentence by denial of Veteran Specific FIRST STEP ACT OR other Veteran Specific Programing. See EXHIBIT I, to Reduce her sentence and treat PETITIONERS PTSD. FURTHER, RESPONDENTS FAILED to PROVIDE Resolve Program AT a FEMALE FACILITY to TREAT RAPE TRAUMA SYNdrome/Complex PTSD.
  This/VIOLATES The 5TH and 6TH Amendments, and The FIRST STEP ACT

(a) SUPPORTING FACT3:
  PETITIONER is a VETERAN OF US ARMY, and Has Requested This Programing and This Is RESULTING IN a more Lengthy Sentence, at a Higher custody FACILITY

(3) Result: _____ N/A _____

(4) Date of result: _____ N/A _____

(5) Issues raised: _____ N/A _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d) Did you file an appeal with the federal court of appeals?     Yes ☒     No ☐

(1) Name of the court: Eighth circuit court of Appeals

(2) Date you filed: UN Known

(3) Case number: UN Known

(4) Result: Fried to Hear ony omergirs; BoP Violated Due Process

(5) Date of result: UNKnown

(6) Issues raised: UN Known

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.   Petitioner asks that the Court grant the following relief: IMMediate Release; Acamittal Placement IN Female INSTITUTION; Reversal ioF conviction, Sentence and Illegal child Birth REPaymeNt; and LIFTIME Supervision Reversal, LIFETIME BaN oN FamiLy Reversal; SORNA REPortiNg REVERSAL; ILLegal Sentence ENhanceMent Reversal; correction of PSR; Reverse Illegal or any other relief to which Petitioner may be entitled.   (Money damages are not available in habeas corpus cases.) Sentence; Restore ALL good coNduct time; PLACEMENT IN Female Resolve and Cosmotology Programs; Restore to where she was prior to arrest, Restore credit, Vehicles Property, Business License, Electronics, clothing, BANK accounts, Phone, car, Vehicle, cloto- account.

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Feburary, 16, 2023 STATE Refused to Accept BoP Mailing (month, day, year). FURTHER, IMMediate Release oN BoNd PeNdiNg Review or Hearing; IMMediately take to PetitioNer specialist Physicians; IMMediately take PetitioNer to WPATH certified specialists; RaINStare aLL of PetitioNers Prescriptions and accommodations,

Toni Fly
**Signature of Petitioner**

_____ PRO - Se - Prisoner Rugway Head ,      16 Feb 2023 _____
**Signature of attorney, if any**                              **Date**

36