**WO**                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| William Anthony Fly, | No.   CV-23-00103-TUC-SHR (EJM) |
|---|---|
| Petitioner, | |
| v. | **ORDER** |
| Collette S. Peters, et al., | |
| Respondents. | |

Self-represented Petitioner William Anthony Fly[1] was confined in the United States Penitentiary-Tucson when she filed her Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).[2]  The Court will dismiss the Petition and this action for the reasons below.

**I.   Jurisdictional Issue**

In a May 9, 2023 Order, the Court denied Petitioner's Application to Proceed In Forma Pauperis because Petitioner had more than $25.00 in her inmate account. (Doc. 6); *see also* LRCiv 3.5(c).  The Court gave Petitioner 30 days to pay the $5.00 filing fee. (Doc. 6.)  On May 30, 2023, Petitioner appealed the May 9 Order. (Doc. 8.)  The following day, she paid the filing fee. (Doc. 9.)

In a November 16, 2023 Order, the Ninth Circuit Court of Appeals summarily affirmed the May 9 Order, concluding "the questions raised in this appeal are so

---

[1] Petitioner is transgender and is also known as Toni Fly.
[2] Petitioner was transferred several times after she filed her Petition.  She is currently confined in Florida.

insubstantial as to not require further argument." (Doc. 15.) Thus, to the extent Petitioner's appeal divested this Court of jurisdiction over this action, jurisdiction has been restored pursuant to the Ninth Circuit's mandate. (*Id.*)

**II.     Petitioner's Litigation History**

    **A.     Criminal Case and Appeal[3]**

Pursuant to a plea agreement, Petitioner pleaded guilty in *United States v. Fly*, CR-16-00184-DLH (D.N.D.), to transportation with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2421(a). The trial court sentenced Petitioner to a 120-month term of imprisonment, followed by supervised release for life. One of the supervised release conditions required Petitioner to comply with the requirements of the Sex Offender Registration and Notification Act. The trial court subsequently amended the judgment to impose restitution. After Petitioner appealed, the Eighth Circuit Court of Appeals granted the government's motion to dismiss the appeal on the basis that Petitioner's appellate claims fell within the scope of the appeal waiver in her plea agreement.

    **B.     Section 2255 Motion[4]**

Petitioner then filed a motion pursuant to 28 U.S.C. § 2255. In an April 7, 2020 Order, the trial court denied the motion, concluding Petitioner's conditions of confinement claims were outside the scope of a § 2255 proceeding and finding Petitioner was not entitled to relief on her claims of ineffective assistance of counsel, claims of cruel and unusual punishment, and claims regarding the plea agreement, guilty plea, and sentencing. After Petitioner appealed, the Eighth Circuit Court of Appeals declined to issue a certificate of appealability and dismissed the appeal.

---

[3] The relevant docket entries in CR-16-00184-DLH (D.N.D.) discussed in this section are the judgment (Doc. 88), notice of appeal (Doc. 92), amended judgment (Doc. 103), and Eighth Circuit order (Doc. 105). The Eighth Circuit case is *United States v. Fly*, 18-1504 (8th Cir.), and the government's motion to dismiss was filed on May 31, 2018.

[4] The relevant docket entries in CR-16-00184-DLH (D.N.D.) discussed in this section are the § 2255 motion (Doc. 109), dismissal order (Doc. 132), notice of appeal (Doc. 137), and Eighth Circuit order (Doc. 141). The Eighth Circuit case is *Fly v. United States*, 20-1955 (8th Cir.).

### C. First § 2241 Petition[5]

Petitioner next filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Central District of Illinois, *Fly v. Warden*, CV-20-01412-CSB (C.D. Ill.).[6] In a December 14, 2020 Order, the court noted Petitioner had raised claims regarding her conditions of confinement, conviction, and sentence. The court dismissed the petition, concluding Petitioner's complaints about her conditions of confinement could not proceed in a habeas corpus petition and her collateral attacks on her conviction and sentence could not be brought under § 2241.

The court identified Petitioner's conditions of confinement claims as follows: Bureau of Prisons (BOP) staff had incited physical and sexual assaults against her and retaliated against her by putting her in cells with violent individuals; she had been sexually assaulted numerous times while in custody and was under a continuous threat of imminent sexual, physical, mental, and emotional assaults; her placement in cold cells amounted to cruel and unusual punishment due to her Raynaud's disease; she was denied HIV treatment and hormone replacement therapy; the facility "subjected" her to COVID-19; she had been retaliated against in violation of the First Amendment; and her placement in a male prison and the denial of medical care amounted to cruel and unusual punishment. The court concluded these claims did not impact the length of her incarceration, could not be raised in a habeas corpus action, and needed to be raised in a civil rights action. The Court noted Petitioner had already filed two civil rights actions and it was unclear if her § 2241 petition was raising claims that were not already being addressed in those lawsuits.

The court identified Petitioner's claims regarding her conviction and sentence as follows: her indictment was flawed; the criminal statute was void for vagueness; the judge was biased; her guilty plea was involuntary; and she was denied her rights to due process

---

[5] The relevant documents in CV-20-01412-CSB (C.D. Ill.) discussed in this section are the § 2241 petition (Doc. 1), dismissal order (Doc. 5), notice of appeal (Doc. 19), Seventh Circuit order affirming (Doc. 30), and Seventh Circuit order denying panel hearing (Doc. 31). The Seventh Circuit case is *Fly v. Warden*, 21-1495 (7th Cir.).

[6] The petition was filed in the Southern District of Illinois but was transferred to the Central District of Illinois because Petitioner was confined there at the time. *See* Doc. 3 in CV-20-01412.

and a speedy trial, received ineffective assistance of counsel, and was factually innocent of the offense to which she had pleaded guilty. In dismissing these claims, the court observed Petitioner "ha[d] not explained why she could not have brought these claims in a § 2255 motion," noted "many of these claims *were* brought in her § 2255 motion and were denied," and held the claims "do not fall into the savings clause because they do not rely on a decision of statutory interpretation, nor a decision that is new and retroactive."

After Petitioner appealed, the Seventh Circuit Court of Appeals affirmed. Subsequently, the Seventh Circuit denied Petitioner's petition for panel rehearing. The following month, Petitioner filed the § 2241 Petition currently pending before the Court.

### III.     Pending § 2241 Petition

In her current § 2241 Petition, which is rambling, repetitive, and difficult to decipher, Petitioner raises 34 grounds for relief. As she did in her petition in the Central District of Illinois, Petitioner raises claims regarding her conviction, sentence, and conditions of confinement.

#### A.     Claims Regarding Conviction and Sentence

Petitioner contends the indictment was defective and void for vagueness, she was denied her right to speedy trial, and she is legally and actually innocent of violating 18 U.S.C. § 2421(a) and of "illegal sentencing enhancements" that do not apply to her and "breach" her plea agreement and promises made by her attorney. Petitioner asserts the prosecutor was malicious and vindictive, lied to the grand jury and the court, committed a "fraud upon the court" to induce her to plead guilty, failed to provide discovery or timely discovery, denied her medical and mental health treatment, and "used known perjurious testimony and evidence to seek illegal sentencing enhancements." She contends she was "tortured into a coerced unknowing and involuntary plea agreement," received ineffective assistance of counsel, and was constructively denied counsel. Petitioner alleges the United States Probation Office "placed known false and perjurious statements" in her presentence report. She contends the BOP deprived her of "email to legal advocates" because of the "illegally unconstitutional unauthorized punishment of 'Walsh Act' notification"; raised

her custody level because of a "'Sex Offender' Public Safety Factor"; and is illegally executing the trial court's "unauthorized penalty of childbirth repayment."[7]  She contends the trial court judge was biased and corrupt, failed to rule on her motions, denied bond, illegally convicted and sentenced her, and abused his discretion in pretrial, sentencing, and habeas corpus proceedings.  Petitioner asserts the § 2255 remedy was inadequate and ineffective "due to judicial bias and prosecutorial misconduct."

A motion to vacate sentence pursuant to § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a sentence "imposed in violation of the Constitution or laws of the United States," a sentence "the court was without jurisdiction to impose," or a sentence "in excess of the maximum authorized by law."  28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *see also Pawlik v. Maiorana*, 687 F. App'x 421, 421–22 (5th Cir. 2017) (claiming BOP incorrectly applied a Sex Offender Public Safety Factor to petitioner's prison classification based on statements in the presentence report was a § 2255 claim, not a § 2241 claim, because petitioner's "challenge to the correctness of factual findings in his [presentence report] is directed at an error that allegedly occurred at or before sentencing" and such a challenge "falls under the purview of § 2255").

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief if "the applicant has failed to apply for relief, by motion, to the court which sentenced [her], or . . . such court has denied [her] relief," unless "the remedy by motion is inadequate or ineffective to test the legality of [her] detention."  28 U.S.C. § 2255(e); *see also United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).  This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of

---

[7] This repayment appears to be the restitution the Court ordered paid to the North Dakota Department of Human Services, Medical Services Division.  (*See* Doc. 103 in CR-16-00184).

limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162.

The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue her claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after [she] had exhausted [her] direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060–61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has failed to meet her burden. Thus, the Court will dismiss Petitioner's claims regarding her conviction and sentence.

### B. Claims Regarding Conditions of Confinement

Petitioner raises claims she was beaten, raped, tortured, threatened, sexually mutilated, sexually and physically assaulted, subjected to violations of the Prison Rape Elimination Act, deprived of medical care and gender-affirming care, improperly housed, deprived of email, deprived of property, denied programming, denied due process in disciplinary hearings, denied due process and equal protection, retaliated against, repeatedly transferred, and denied access to the courts and the redress of grievances. Some of these claims purportedly arose in this District, but others arose at other federal prisons around the country.

These claims relate to Petitioner's conditions of confinement. If a prisoner is

challenging the conditions of her confinement rather than the validity or duration of the confinement, her remedy arises, if at all, under the civil rights law, not habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action." (internal citation omitted)); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1069 (9th Cir. 2023) ("We are . . . unpersuaded that the federal habeas statutes or *Hernandez* [*v. Campbell*, 204 F.3d 861 (9th Cir. 2000),] create an exception to the rule announced in *Crawford* [*v. Bell*, 599 F.2d 890 (9th Cir. 1979),] that 'the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.'" (quoting *Crawford*, 599 F.2d at 891)).

If a prisoner seeks civil rights relief by filing a habeas petition, she has mislabeled her case and is entitled to have her action treated as a claim for relief under civil rights law. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute*, Civil Rights of Institutionalized Persons Act, § 7, 94 Stat. 352–353,; *Hansen v. May*, 502 F.2d 728, 729–30 (9th Cir. 1974). However, Petitioner clearly indicated she intended to file a habeas petition, not a civil rights action, and she currently has a civil rights action pending in this Court, *Fly v. Diaz*, CV-21-00506-TUC-SHR (D. Ariz.), that raises issues regarding her conditions of confinement. Thus, the Court will dismiss Petitioner's claims regarding her conditions of confinement.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **DISMISSED**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Although Petitioner has brought her claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal,

the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 25th day of January, 2024.

*[signature]*
Honorable Scott H. Rash
United States District Judge